392 So.2d 333 (1981)
Mac GREEN, Appellant,
v.
STATE of Florida, Appellee.
No. 80-1382.
District Court of Appeal of Florida, Second District.
January 9, 1981.
Jack O. Johnson, Public Defender, and Robert F. Moeller, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Michael J. Kotler, Asst. Atty. Gen., Tampa, for appellee.
GRIMES, Judge.
Appellant pled nolo contendere to aggravated assault, resisting an officer with violence, and petit theft. The court placed him on probation for the first two offenses for concurrent periods of five years upon the condition that he spend six months in county jail. The court also placed him on probation for a concurrent period of sixty days for the petit theft. As a result of a subsequent violation of the conditions of probation, the court modified the probation for aggravated assault and resisting an officer with violence by extending appellant's probationary period for five more years and by requiring him to spend an additional year in jail. Appellant appeals from the order of modification.
There is sufficient evidence to sustain the finding that appellant violated his probation, and this point needs no further discussion. However, appellant's argument that the court improperly modified the terms of his probation merits further consideration.
Aggravated assault and resisting an officer with violence are both felonies of the third degree. §§ 784.021, 843.01, Fla. Stat. (1979). The maximum sentence for a felony of the third degree is five years. § 775.082(3)(d), Fla. Stat. (1979). Unless expressly provided by law, a probationary term may not exceed the maximum sentence prescribed for the crime. Watts v. State, 328 So.2d 223 (Fla. 2d DCA 1976). Thus, the court originally set appellant's probationary term for both crimes at the maximum of five years.
The order of modification is not entirely clear in that it refers to both crimes; yet, it purports to extend the period of probation in the singular in the nature of a general sentence. Therefore, if the order of modification is read to mean that the court was extending the term of probation for both of the crimes to ten years, albeit concurrently, it would be illegal. However, we choose to construe the order in a manner which will uphold its validity. The court *334 could have originally placed appellant on probation for consecutive five year terms but chose to impose the two concurrently. Now that appellant has violated his probation, there is nothing to prevent the court from imposing a sentence which would have been originally authorized. § 948.06(1), Fla. Stat. (1979). Accordingly, we hold that the order of modification simply had the effect of making the probation terms consecutive.
AFFIRMED.
HOBSON, Acting C.J., and DANAHY, J., concur.