**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Danny J. ROHRICH, Defendant and Appellant.**

**Crim. No. 890267.**

Supreme Court of North Dakota.

Jan. 25, 1990.

F.C. Rohrich, State's Atty., Linton, for plaintiff and appellee.

Arnold V. Fleck of Wheeler Wolf, Bismarck, for defendant and appellant.

VANDE WALLE, Justice.

Danny J. Rohrich appealed from a county court order which denied his motion to correct an illegal sentence. Rohrich contends that a person convicted of a Class A misdemeanor cannot be placed on probation for a period of time in excess of one year, the maximum term for which the person could have been imprisoned. We agree with Rohrich and, accordingly, reverse the order of the county court.

On October 8, 1987, Danny Rohrich was stopped by a State Highway Patrol officer for operating a motor vehicle with improper registration. Rohrich informed the officer that he did not have his driver's license, and represented to the officer that his name was that of a relative.

Rohrich was charged with the Class A misdemeanor of giving false information to a law enforcement officer. *See* NDCC § 12.1–11–03(1). Rohrich pleaded guilty to the charge. The trial court subsequently entered a criminal judgment against Rohrich imposing a $1,000 fine and a term of imprisonment of one year. Both the fine and term of imprisonment were suspended by the court subject to Rohrich's being placed on probation for a period of eighteen months. The criminal judgment was entered on March 9, 1988.

On June 5, 1989, an officer with the North Dakota Probation Department filed a petition for revocation of Rohrich's probation based upon various violations of the conditions set forth in the criminal judgment. Thereafter, Rohrich filed a motion with the trial court to correct an illegal sentence. Rohrich argued that he could not be placed on probation for a period in excess of one year, the maximum term for which he might have been imprisoned upon conviction of the Class A misdemeanor. Thus, Rohrich claimed that his probation terminated on March 9, 1989. Rohrich's motion also sought dismissal of the pending petition for revocation, and requested the court to discharge Rohrich from the conditions of probation set forth in the March 9, 1988 criminal judgment. The trial court denied Rohrich's motion.

The sole issue on appeal is whether the trial court erred in its determination that a defendant can be placed on probation for a period of more than one year for the violation of a Class A misdemeanor.

At the time of Rohrich's initial sentencing on March 9, 1988, there were four sentencing statutes in controversy.[1] Two

---

1. As a result of *State v. Nace,* 371 N.W.2d 129 (N.D.1985), and realizing that the current issue on appeal could be raised by criminal defendants, the 1989 Legislative Assembly made wholesale changes to the sentencing provisions in the Century Code. *See* Report of the North Dakota Legislative Council, Fifty-first Legislative Assembly (1989), at pp. 136–140. Chapter 12–53, NDCC, was effectively repealed on July 10, 1989. Moreover, the Legislature made numerous modifications to the sentencing statutes in ch. 12.1–32, NDCC. Under the new sentencing provisions, a trial court could properly sentence a criminal defendant to probation for a period of two years on a conviction for a misdemeanor. *See* NDCC § 12.1–32–06.1(1).

of the statutes, which stemmed from the suspended-sentence provisions of chapter 12–53, NDCC, read as follows:

"12–53–03. *Suspension when crime is misdemeanor—Power to recommit limited.* When the facts set forth in section 12–53–01 appear and the defendant has been found guilty of a misdemeanor, the court or magistrate may suspend the execution of the sentence or may modify or alter the sentence in such manner as appears just and right to the court or magistrate in view of all of the circumstances. *When a sentence for a misdemeanor has been suspended, no order for the recommitment of the person sentenced shall be made more than eighteen months after the expiration of the maximum period of time for which such person might have been sentenced.*" (Emphasis added.)

. . . . .

"12–53–12. *Release from probation—Period of probation.* Whenever it is the judgment of the court that a person on probation has satisfactorily met the conditions of his probation, it shall cause to be issued to said person a final discharge from further supervision and may terminate the suspended sentence. *The length of the period of probation shall not be more than the maximum term for which he might have been imprisoned,* except that in cases where the defendant has been found guilty of abandonment or nonsupport of spouse or children, the period may be continued for as long as responsibility for support continues." (Emphasis added.)

The two remaining statutes were contained in the sentencing provisions of chapter 12.-1–32–01, NDCC. These statutes stated, in relevant part:

"12.1–32–02. *Sentencing alternatives—Credit for time in custody—Diagnostic testing.*

"1. Every person convicted of an offense who is sentenced by the court shall be sentenced to one or a combination of the following alternatives, unless the sentencing alternatives are otherwise specifically provided in the statute defining the offense:

. . . . .

"b. Probation.

. . . . .

*Sentences imposed under this subsection shall not exceed in duration the maximum sentences of imprisonment provided by section 12.1–32–01 . . . ."* (Emphasis added.)

. . . . .

"12.1–32–06. *Incidents of probation.*

"1. Unless terminated . . . the periods during which a sentence to probation shall remain conditional and be subject to revocation are:

. . . . .

b. For a misdemeanor, two years."

The State contends that either § 12–53–03 or § 12.1–32–06 would have permitted the trial court to sentence Rohrich to eighteen months of probation. Rohrich, on the other hand, argues that § 12–53–12 and § 12.1–32–02 specifically limit a period of probation to the maximum term for which the person may have been sentenced. Because the maximum term for for a Class A misdemeanor under NDCC § 12.1–32–01 is one year, Rohrich claims that his eighteen-month probation was an illegal sentence, and that his probation should have terminated on March 9, 1989. Rohrich further contends that §§ 12–53–03 and 12.1–32–06 should be construed as periods of limitation for commencing probation-revocation actions.

It is a well-settled principle of statutory construction that penal statutes should be strictly construed against the government and in favor of the accused. *State v. Drader,* 432 N.W.2d 553 (N.D.1988); *State v. Hogie,* 424 N.W.2d 630 (N.D.1988); *State*

---

Because Rohrich was sentenced before the effective date of the 1989 legislative modifications, we apply the former version of the sentencing statutes. *See, e.g., Riverview Place, Inc. v. Cass County,* 448 N.W.2d 635 (N.D.1989) [ap-

plying former version of NDCC § 11–11–43 on appeal]; *Kottke v. U.A.M.,* 446 N.W.2d 23 (N.D. 1989) [applying former version of mental health statute on appeal].

v. Sheldon, 312 N.W.2d 367 (N.D.1981). See also 3 Singer, Sutherland Statutory Construction § 59.03 (4th ed. rev.1986). Thus, in interpreting penal statutes, "we resolve any doubt in favor [of the criminal defendant]." State v. Hogie, 424 N.W.2d at 635. Moreover, where there is a conflict between a number of statutory provisions we will seek to harmonize them wherever fairly possible so that effect may be given to all of the statutes. NDCC § 1–02–07. See also State v. Brandon, 413 N.W.2d 340 (N.D.1987); State v. Nace, 371 N.W.2d 129 (N.D.1985). Utilizing these principles as guides in construing the statutes at hand, we cannot agree with the State's contention that §§ 12–53–03 and 12.1–32–06 set forth the maximum periods of probation for misdemeanors and that the trial court could have validly sentenced Rohrich to eighteen months of probation under those provisions.

Initially, we note that the language found in §§ 12–53–12 and 12.1–32–02 clearly and definitively limits a period of probation to the maximum term for which the defendant may have been imprisoned. Moreover, this Court has held that §§ 12–53–03 and 12.1–32–06 define the time periods within which the State must commence probation revocation or recommitment proceedings. See State v. Nelson, 417 N.W.2d 814 (N.D.1987).

In State v. Nelson, supra, the State sought to revoke Nelson's probation three days after it had ended. Nelson argued that the trial court could not revoke a probation which had already terminated. In rejecting Nelson's argument, we noted that §§ 12–53–03 and 12.1–32–06 act as periods of limitation for bringing actions for probation revocation. Because the State's action to revoke Nelson's probation was taken within three days after his probation had ended, we stated that the action was "taken with reasonable promptness" under either of the statutes. State v. Nelson, 417 N.W.2d at 816.

Thus, we believe that the statutes in controversy can readily be construed in a consistent manner. While §§ 12–53–12 and 12.1–32–02 limit a period of probation to the maximum term of imprisonment, §§ 12–53–03 and 12.1–32–06 define the time period within which the State can seek a probation revocation. Because Rohrich's period of probation exceeded the maximum term of imprisonment for a Class A misdemeanor, his sentence was illegal.

Although their statutes are not always similar, we note that courts in other jurisdictions have held that sentences to probation cannot be longer than the allowable term of imprisonment for the offense committed. See, e.g., State v. Vigil, 103 N.M. 581, 711 P.2d 26 (1985) [where maximum sentence of imprisonment for misdemeanor was one year, one year was the maximum period of probation that the trial court could validly impose on the defendant]; Bell v. State, 479 So.2d 308 (Fla.App.1985) [trial court erred in sentencing defendant to two years of probation; proper period of probation for defendant's misdemeanor was six months, the maximum term of imprisonment for the offense]. See generally Green v. State, 392 So.2d 333 (Fla.App. 1981); Pedraza v. State, 562 S.W.2d 259 (Tex.App.1978); Diorio v. State, 359 So.2d 45 (Fla.App.1978); State v. Blackman, 114 Ariz. 517, 562 P.2d 397 (1977). Moreover, we believe that our holding in the instant case is consistent with the prior decisions of this Court which have stated that combined sentences of imprisonment and probation may not exceed the maximum term for which a defendant might have been imprisoned. See State v. Jones, 418 N.W.2d 782 (N.D.1988); State v. Nace, 371 N.W.2d 129 (N.D.1985).

The county court's order denying Rohrich's motion to correct an illegal sentence is reversed.

ERICKSTAD, C.J., and GIERKE, MESCHKE and LEVINE, JJ., concur.