PER CURIAM.
In this criminal appeal, appellant, Mat-. thew Marshall Gauthier, raises several issues, including: (1) whether the trial court erred in sentencing him as an habitual felony offender upon conviction of the charges of sexual battery with a firearm, burglary with assault and while armed, and possession of a firearm in the commission of a felony; (2) whether the trial court erred in scoring legal constraint on the guidelines scoresheet; and, (3) whether his conviction on the charge of possession of a firearm in the commission of a felony is violative of double jeopardy. We reverse appellant’s conviction on the charge of possession of a firearm in the commission of a felony and remand the case to the trial court for imposition of a guidelines sentence.
Appellant’s convictions stem from a July 29, 1990, incident where appellant, after a drinking bout, broke into the residence of a female acquaintance, therein arming himself while committing a sexual battery upon the grandmother of the acquaintance. The trial court sentenced appellant as an habitual felony offender to concurrent terms of sixty years on the sexual battery charge, forty years on the burglary charge, and ten years on the charge of possession of a firearm in the commission of a felony. In sentencing appellant as an habitual felony offender, the trial court relied on the following prior offenses: burglary of a structure, for which adjudication was withheld and appellant placed on five years probation on April 24, 1981; burglary of a structure and burglary of a conveyance, for which appellant was placed on concurrent five year terms of probation on May 28, 1985.
Addressing the issues raised, we first find that appellant’s conviction for possession of a firearm in the commission of a felony must be reversed on double jeopardy grounds. See Cleveland v. State, 587 So.2d 1145 (Fla.1991).
Turning now to the question of whether the trial court erred in sentencing appellant as an habitual felony offender, we note that appellant’s period of probation for his earliest predicate burglary was terminated on September 27, 1983. Appellant was no longer on probation for this offense at the time he committed the present offenses. Therefore, this burglary may not be used to support habitualization. § 775.-084(2), Fla.Stat. (1989). Appellant’s concurrent five year terms of probation began more than five years prior to the commission of the present offenses. These prior offenses, too, may not be used to support habitualization. See Allen v. State, 487 So.2d 410 (Fla. 4th DCA 1986). Thus, the trial court erred in sentencing appellant as an habitual felony offender.
Because, on remand, appellant is entitled to be sentenced under the sentencing guidelines, we must address a scoresheet error. Although appellant’s concurrent five year terms of probation were due to expire May 28, 1990, a violation of probation affidavit was filed April 9, 1990. Because the processes of the court had been set in motion, the trial court properly exercised jurisdiction over appellant, holding a violation of probation hearing on June 12, 1990, after the five year period had elapsed. See Fryson v. State, 559 So.2d 377 (Fla. 1st DCA 1990). At the hearing, the trial court extended appellant’s period of probation for two years. This action of the trial court was also permissible because appellant originally could have been sentenced to two consecutive five year terms of probation. See Green v. State, 392 So.2d 333 (Fla. 2d DCA 1981). Thus, appellant was lawfully on probation at the time of his present offenses, and legal constraint points should have been scored. However, legal constraint may be scored only once, regardless of the number of offenses at conviction. Flowers v. State, 586 So.2d 1058 (Fla.1991).
We reverse appellant’s sentence as an habitual felony offender, and remand the case to the trial court for imposition of a guidelines sentence. Upon remand, appellant’s guidelines scoresheet shall be corrected to reflect reversal of his conviction for possession of a firearm in the commission of a felony, and legal constraint may be scored but once. In light of this disposi *1286 tion, we find it unnecessary to address the other issues raised on appeal.
AFFIRMED in part, REVERSED in part, and REMANDED with instructions.
ERVIN, MINER and WEBSTER, JJ., concur.