652 So.2d 904 (1995)
Michael HILL, Appellant,
v.
STATE of Florida, Appellee.
No. 93-3580.
District Court of Appeal of Florida, Fourth District.
March 22, 1995.
Richard L. Jorandby, Public Defender, and Susan D. Cline, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Georgina Jimenez-Orosa, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
We affirm appellant's conviction for aggravated battery and his sentence of fifteen years. As to the imposition of a three year mandatory minimum for use of a firearm, the state concedes this was error. Accordingly, we reverse same and remand with direction to delete it.
With respect to the ten year mandatory minimum imposed on appellant for being a habitual violent felony offender, the written sentence does not conform to the trial court's oral pronouncements; therefore, we are compelled to reverse and remand so that the mandatory minimum is deleted.
At oral pronouncement of sentence, the trial court granted the state's request to sentence appellant as a habitual violent felony offender. When it proceeded to pronounce the sentence, the following transpired:
THE COURT: I sentence you to 15 years in Florida State Prison as a habitual violent fellony [sic] offender with the applicable limit of 
DEFENSE COUNSEL: Judge, we're going to be objecting to the sentence and also to the mandatory minimum in this case. I believe through inadvertence by the prosecution, they failed to specify on the jury form 
The parties went on to discuss the absence of a special question on the jury form requiring a finding of the use of a firearm. After the trial court made its findings concerning this issue, it proceeded to discuss restitution, and then it denied appellant's motion for a new trial. Nowhere did it orally pronounce a ten year mandatory minimum for appellant as a habitual violent felony offender. However, the written order of sentence reflects a fifteen year sentence, and under the section entitled "Special Provisions," the trial court wrote that appellant must serve a minimum *905 of ten years before being released in accordance with the provisions of section 775.084(4), Florida Statutes (1991).
Green v. State, 615 So.2d 823 (Fla. 4th DCA 1993), is dispositive. In Green, this court affirmed the defendant's conviction and adjudication as a habitual violent felony offender, but reversed the mandatory minimum provisions in the sentence. This court wrote:
The written sentences each include mandatory minimum terms pursuant to the habitual offender act, section 775.084(4), Florida Statutes (1991). At sentencing, however, the trial court did not orally impose mandatory minimum terms. Because the trial court's written sentences differ from its oral pronouncements and sentencing under section 775.084(4) is discretionary and does not require the imposition of mandatory minimum terms, we reverse appellant's sentences.
Id. at 823.
GLICKSTEIN, FARMER and SHAHOOD, JJ., concur.