STATE of North Dakota, Plaintiff
and Appellee,

v.

Courtney D. WOEHLHOFF, Defendant
and Appellant.

Cr. Nos. 950129, 950130.

Supreme Court of North Dakota.

Sept. 22, 1995.

F.C. Rohrich (argued), Emmons County State's Attorney, Linton, for plaintiff and appellee.

Courtney D. Woehlhoff (argued pro se), Bismarck, for defendant and appellant.

NEUMANN, Justice.

Courtney Woehlhoff appeals from an amended criminal judgment of the District Court of Emmons County. We modify in part and affirm in part.

Woehlhoff was convicted of possession of drug paraphernalia, a class A misdemeanor, and possession of controlled substance, a class B misdemeanor. In the original judgment of November 4, 1993, Woehlhoff received a one-year prison sentence for the class A misdemeanor and a thirty-day suspended jail sentence with eighteen months probation for the class B misdemeanor. Woehlhoff was to serve the one-year prison sentence consecutive to a prior felony conviction. The record indicates this sentence commenced January 1, 1995. The probation sentence was scheduled to expire eighteen months from November 4, 1993.

On April 28, 1995, the original judgment was partially amended. The class A misdemeanor sentence remained the same, but the probation portion of the class B misdemeanor sentence was amended from eighteen months to twelve months expiring on April 28, 1996.

Woehlhoff appeals from the amended judgment and raises two issues. First, he argues the amended probation sentence for the class B misdemeanor exposed him to thirty months probation, which exceeds the statutory maximum of twenty-four months under subsection 1 of section 12.1–32–06.1 of the North Dakota Century Code. Second, he argues his two misdemeanor sentences resulted in consecutive sentences of eighteen months probation followed by one year imprisonment, which exceeds the statutory maximum of a one-year sentence under subsection 3 of section 12.1–32–11 of the North Dakota Century Code.

Regarding the first issue, subsection 1 of section 12.1–32–06.1 authorizes two years or twenty-four months as the maximum length of the period of probation that may be im-

posed upon a misdemeanor defendant. NDCC § 12.1–32–06.1(1).[1] According to Woehlhoff, he was sentenced to probation for thirty months in violation of the statute. He arrived at his figure because the original judgment of November 4, 1993, sentenced him to eighteen months probation expiring May 4, 1995, and the amended judgment of April 28, 1995, revised his probation sentence to twelve months expiring April 28, 1996; thus, he concludes from November 4, 1993, to April 28, 1996, equals almost thirty months.

Though we agree with Woehlhoff's arithmetic, we do not find a violation of the statute because of a concession made by the State at oral argument. Due to an error in drafting the amended judgment, the State conceded Woehlhoff's probation sentence should have expired twelve months from November 4, 1993, not twelve months from April 28, 1995. Therefore, Woehlhoff's probation sentence expired on November 4, 1994, well within the two-year limitation under subsection 1 of section 12.1–32–06.1. Because of the State's concession, Woehlhoff's argument is rendered moot. The amended judgment is ordered modified to conform with the State's concession.

Woehlhoff argues next his two misdemeanor sentences resulted in consecutive sentences in violation of subsection 3 of section 12.1–32–11 of the North Dakota Century Code. With exceptions not applicable to the instant case, subsection 3 of section 12.1–32–11 prohibits a multiple misdemeanor defendant from being "consecutively sentenced to more than one year." NDCC § 12.1–32–11(3) (1985).[2] The statutory violation occurs, Woehlhoff contends, because his class B probation sentence commencing November 4, 1993, and expiring January 1, 1995,[3] plus his class A prison sentence commencing January 1, 1995, and expiring January 1, 1996, equals twenty-six months of consecutive sentencing for multiple misdemeanors. Woehlhoff further contends his revised probation sentence of twelve months resulted in additional consecutive sentencing of sixteen months. According to Woehlhoff, his class A prison sentence commencing January 1, 1995, and expiring January 1, 1996, plus his revised class B probation sentence commencing April 28, 1995, and expiring April 28, 1996, equals sixteen additional months of consecutive sentencing.[4]

Because we modified Woehlhoff's class B probation sentence with our ruling on the first issue, we apply that modified sentence to resolution of the second issue. The modified sentence resulted in Woehlhoff's class B probation sentence commencing November 4, 1993, and expiring November 4, 1994, and his class A prison sentence commencing January 1, 1995, and expiring January 1, 1996. Thus, Woehlhoff did not receive consecutive sentences for multiple misdemeanors exceeding one year since his class B probation sentence expired almost two months before his class A prison sentence commenced. BLACK'S LAW DICTIONARY 304 (6th ed.1990) (defining con-

1. Subsection 1 of section 12.1–32–06.1 reads:
    1. Except as provided in this section, the length of the period of probation imposed in conjunction with a sentence to probation or a suspended execution or deferred imposition of sentence may not extend for more than five years for a felony and two years for a misdemeanor or infraction from the later of the date of:
        a. The order imposing probation;
        b. The defendant's release from incarceration; or
        c. Termination of the defendant's parole.

2. Subsection 3 of section 12.1–32–11 reads:
    3. When sentenced only for misdemeanors, a defendant may not be consecutively sentenced to more than one year, except that a defendant being sentenced for two or more class A misdemeanors may be subject to an aggregate maximum not exceeding that authorized by section 12.1–32–01 for a class C felony if each class A misdemeanor was committed as part of a different course of conduct or each involved a substantially different criminal objective.

3. We use the commencement and expiration sentencing dates from Woehlhoff's brief, though he is wrong in his use of one set of those dates. The class B probation sentence originally commenced November 4, 1993, and expired May 4, 1995, not January 1, 1995. Nonetheless, his dates illustrate his argument without affecting our conclusion.

4. We also ignore, for purposes of illustrating the argument, Woehlhoff's erroneous understanding of the definition of consecutive. For example, a sentence that overlaps another, as Woehlhoff's revised probation sentence does with his prison sentence, is not a consecutive sentence.

secutive as "to follow in uninterrupted succession").

■ However, we recognize, in making his argument, Woehlhoff did not have the benefit of our ruling on the first issue and therefore could not frame his argument accordingly. We still arrive at the same result and do not find a violation of subsection 3 of section 12.1–32–11 because the district court in both the original and amended judgment ordered Woehlhoff to serve his class A prison sentence consecutive to a prior felony conviction not the class B probation sentence. *See State v. Patten,* 353 N.W.2d 26, 30 (N.D.1984) (stating a trial court has discretion "to determine if a sentence should run concurrently with or consecutive to another sentence"). Thus, Woehlhoff was not consecutively sentenced to more than one year for multiple misdemeanors, and subsection 3 of section 12.1–32–11 was not violated.

Finally, we address an issue raised by Woehlhoff at oral argument. He maintains the two-year maximum probation period under subsection 1 of section 12.1–32–06.1 applies only to probation sentences and the one-year sentence under subsection 3 of section 12.1–32–11 applies both to probation and prison sentences. Therefore he argues, even though subsection 1 of section 12.1–32–06.1 authorizes two years as the maximum probation period for a misdemeanor defendant, subsection 3 of section 12.1–32–11 limits a multiple misdemeanor defendant to a maximum one-year sentence, whether prison, probation, or a combination of both.

■ Because Woehlhoff's argument reveals a conflict between the two statutes, we harmonize them, if possible, to give effect to both statutes. *E.g., State v. Rohrich,* 450 N.W.2d 774, 777 (N.D.1990). Woehlhoff's suggestion that the maximum disposition for a criminal who commits multiple misdemeanors should be one-half that available for the defendant who commits a single misdemeanor is absurd. We will not resolve a conflict between statutes by reaching an absurd and ludicrous result. *State v. Erickson,* 534 N.W.2d 804, 807 (N.D.1995); *State v. Sorensen,* 482 N.W.2d 596, 598 (N.D.1992). We also are guided by legislative action. In 1990, this court, relying on what was then the

latter part of subsection (1) of section 12.1–32–02, stated a sentence could not exceed the maximum term for which a defendant might have been imprisoned. *Rohrich,* 450 N.W.2d at 777. The legislature subsequently excepted the provisions of section 12.1–32–06.1 from that limitation and allowed probation sentences beyond the maximum term of imprisonment. *Id.* at 775, n.1; NDCC § 12.1–32–02(1)(h).

■ Accordingly, we conclude the one-year sentence limitation in subsection 3 of section 12.1–32–11 applies only to a sentence for imprisonment. This conclusion removes the conflict with subsection 1 of section 12.1–32–06.1, which permits misdemeanor probations of up to two years, and gives reasonable effect to both statutes.

Consistent with this opinion, the amended criminal judgment is modified in part and affirmed in part.

VANDE WALLE, C.J., and LEVINE, SANDSTROM and MESCHKE, JJ., concur.