675 So.2d 1012 (1996)
Terrence EVANS, Appellant,
v.
STATE of Florida, Appellee.
No. 95-0128.
District Court of Appeal of Florida, Fourth District.
June 19, 1996.
*1013 Richard L. Jorandby, Public Defender, and Karen E. Ehrlich, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Don M. Rogers, Assistant Attorney General, West Palm Beach, for appellee.
SHAHOOD, Judge.
Appellant Terrence Evans appeals from a sentencing order for violation of probation where the trial court sentenced the appellant to five years in custody on the charge of possession of cocaine and fifteen years in custody on the charge of aggravated battery to run consecutive with the possession of cocaine charge. Appellant maintains that the trial court's modification of its oral pronouncement to reflect habitual offender status after double jeopardy attached was in error. Based on the following sequence of events, we affirm in part and reverse and remand for resentencing, deleting the habitual offender status of appellant.
On April 26, 1993, appellant entered into a written plea agreement on the charges of aggravated battery, a second-degree felony, and possession of cocaine, a third-degree felony. In addition, the agreement stated that the "Defendant agrees he qualifies as a habitual offender and if found guilty of a V.O.P. he will be sentenced as a Habitual Offender." Appellant was adjudicated guilty of both charges and was sentenced in each case to three years probation, to run concurrently, with the special condition that he successfully complete the Palm Beach County Sheriff's Office Drug Farm Program. Further, pursuant to the plea agreement, Evans was sentenced as an habitual offender pursuant to Section 775.084, Florida Statutes.
In October 1993 appellant was sentenced to thirty years on the aggravated battery charge and to ten years on the possession of cocaine charge consecutive to each other for a total of forty years as an habitual offender for violating his probation by not completing the drug farm program. The sentences were then suspended and appellant was placed on probation for five years with the special condition that he complete the Drug Farm Long-Term Track. However, the judgment of habitual felony offender status was never set aside. Subsequent thereto, by agreement of the parties, the court entered an order vacating the suspended sentences, thereby placing Evans in the position to be resentenced before the court on his initial violation of probation.
Appellant was again charged with violating his probation for failing to complete the drug farm program. The violation hearing was held on December 20, 1994, at which time the appellant was sentenced to five years in custody on the possession charge and to fifteen years on the aggravated battery to run consecutive with the possession charge. At the sentencing hearing, the parties agreed that the appellant's guidelines scoresheet fell within the permitted sentencing range of twelve to twenty-seven years.
*1014 During the trial court's oral pronouncement of sentence, the court did not state that appellant's sentence for the violation of probation was as an habitual offender. However, the written sentence entered explicitly states that appellant was sentenced as an habitual offender. The court in pronouncing sentence stated:
THE COURT: With regard to your case, and giving you credit for the time that you have already served with regard to these matters, I am going to sentence you to five years on the possession of cocaine charge, I am going to sentence you to 15 years on the aggravated battery charge consecutive to the possession of cocaine charge, for a total of 20 years, giving you credit for the time you have already served with regard to these matters.
After the hearing, the prosecutor had a discussion with the court clerk and was informed that the written commitments prepared for the Department of Corrections did not reflect an habitual offender sentence because she did not hear the judge pronounce one.
Two days later, the State filed a motion to clarify sentence stating that "[t]he Sentencing Orders reflect that this Court sentenced the defendant as a Habitual Felony Offender, however the Commitments prepared by the Clerk of the Court does not reflect this declaration." Hence, the State requested the court clarify its sentence and to correct or to have corrected the documentation to reflect the order of the court. Essentially, the state was seeking a corrected Commitment to reflect that Evans was sentenced as an habitual offender. The appellant objected on double jeopardy grounds, recalling that the court's sentence of appellant was not as an habitual felony offender, but simply as a sentence of twenty years' incarceration, that is, five years on the possession charge and fifteen years on the aggravated battery charge, to run consecutively. At the hearing on the motion to clarify, the trial court made the following statement regarding the situation:
What isthen what is the discussion at this point whether I declare him or not at the sentence if he has been deemed to be a habitual felony offender and that has not been set aside and I had sentenced him with regard to these matters as an habitual felony offender and I have entered a sentence from that standpoint that reflects that, whether or not the Clerk has it on the commitment or not?
The trial court then ordered that the commitment be amended to reflect an habitual offender sentence.
Clearly, review of the record reveals that the trial court's oral pronouncement at the December 20, 1994, sentencing hearing and the written commitments prepared for the Department of Corrections did not contain language concerning the habitual offender status of the appellant, while the written sentence showed that the appellant's sentence was as an habitual offender.
Resentencing a defendant to an habitual offender term of imprisonment subsequent to the entry of a jurisdictionally permissible term is unequivocally a violation of double jeopardy rights which cannot be constitutionally justified. See Gonzalez v. State, 596 So.2d 711 (Fla. 3d DCA 1992); Troupe v. Rowe, 283 So.2d 857 (Fla.1973). It is clear that once sentence is imposed, jeopardy attaches, and appellant cannot be resentenced to a greater term of imprisonment. Such a sentence would constitute double jeopardy. Id.; see also Hinton v. State, 446 So.2d 712 (Fla. 2d DCA 1984); Macias v. State, 572 So.2d 22 (Fla. 4th DCA 1990).
In Hill v. State, 652 So.2d 904 (Fla. 4th DCA 1995), the trial court failed to orally pronounce a ten-year mandatory minimum sentence for the defendant as an habitual violent felony offender. However, the written order of sentence of the trial court reflected a fifteen-year sentence, and under the section entitled "Special Provisions" the trial court wrote that the defendant must serve a minimum of ten years pursuant to section 775.084(4) Florida Statutes (1991). Since the written sentence did not conform to the trial court's oral pronouncement, the district court affirmed the conviction but reversed and remanded deleting the mandatory minimum portion of the defendant's sentence. See also Green v. State, 615 So.2d 823 (Fla. 4th DCA 1993).
*1015 We recognize that the trial court's failure to state during its oral pronouncement of sentence that it was sentencing appellant as an habitual felony offender may have merely been an oversight. However, we find that the trial court's clarification two days after its oral pronouncement to be in error. As such, we reverse and remand the matter for resentencing deleting the appellant's habitual offender status.
We have also reviewed appellant's point on appeal that the trial court erred by changing his concurrent sentence to a consecutive term in violation of his double jeopardy rights and find it to be without merit. See Gauthier v. State, 605 So.2d 1284 (Fla. 1st DCA 1992); Green v. State, 392 So.2d 333 (Fla. 2d DCA 1981). We also reject appellant's final point on appeal that the trial court erred in sentencing him as an habitual offender following a violation of probation when the necessary steps to establish habitual offender status were not taken prior to the original sentencing. See Bashlor v. State, 586 So.2d 488 (Fla. 1st DCA 1991), review denied, 598 So.2d 75 (Fla.1992).
Conviction affirmed; Reversed and remanded for resentencing deleting habitual offender status.
WARNER and FARMER, JJ., concur.