717 So.2d 547 (1998)
Daniel R. GRAGE, Appellant,
v.
STATE of Florida, Appellee.
No. 96-3312.
District Court of Appeal of Florida, Fifth District.
February 13, 1998.
Rehearing Denied September 23, 1998.
Richard I. Wallsh, Chartered Law Offices of Troum & Wallsh, Winter Park, for Appellant.
*548 Robert A. Butterworth, Attorney General, Tallahassee, and Kellie A. Nielan, Assistant Attorney General, Daytona Beach, for Appellee.
GRIFFIN, Chief Judge.
Daniel R. Grage ["Grage"] appeals a final order which granted in part and denied part his Rule 3.850 motion to vacate and set aside a sentence. We affirm.
On June 11, 1992, Grage entered a plea of nolo contendere in lower court case number 91-5896: battery on a law enforcement officer and resisting an officer with violence. In the written plea agreement Grage agreed to be sentenced in this case as a habitual felony offender to fifteen years imprisonment, but that the sentence would be suspended and he would be placed on fourteen months of community control followed by fifteen years probation. The sentence was imposed as agreed and Grage did not appeal.
On January 26, 1994, Grage pled guilty to violating probation in two cases, numbered 91-5896 and 88-5573. The trial court revoked Grage's probation in case number 91-5896 and pronounced a sentence of 464 days in the Orange County Jail with credit for 464 days served. In case 88-5573, the trial court pronounced a habitual felony offender sentence of ten years in the Department of Corrections with a credit for time served, followed by five years probation. The judgments conformed to the pronouncements. Neither the state nor the defense objected to the sentences.
The state soon realized that the lower court had transposed Grage's sentences: the sentence in case number 91-5896 should have been imposed in case number 88-5573, and vice versa. The state filed a motion to correct sentence and on March 3, 1994, the trial court conducted a hearing on the motion. Grage's counsel consented to correction of the court's error. Accordingly, the trial court amended the sentence in case number 91-5896 to reflect Grage's habitual felony offender status and a sentence of ten years in the Department of Corrections with credit for time served days, followed by five years probation.[1] Case 88-5573 was amended to reflect a sentence of 464 days time served. The sentences were made nunc pro tunc to January 26, 1994. Grage did not appeal. Several months later, on October 3, 1994, through private counsel, Grage filed an "Amended Motion for Correction of Illegal Sentence" in which he asserted that the March 3, 1994 sentence correction violated double jeopardy. The lower court denied the motion and Grage appealed. The appeal was dismissed, however, for failure to timely prosecute. Thereafter, in December 1995, he filed a multifaceted Rule 3.850 motion, claim IV of which was the previously decided claim that the March 3, 1994 sentence correction violated double jeopardy. Manifestly, claim IV is procedurally barred. Even if it were not, however, this was the correction of a technical error that resulted in no net increase in the sentence to the appellant. The sentence received was consistent with Grage's plea agreement. The correction was expressly agreed to by counsel for appellant in appellant's presence, and the court and the state acted in reliance on that agreement in changing the sentence in both this case and the companion case.
AFFIRMED.
PETERSON, J., concurs.
THOMPSON, J., concurs specially, with opinion.
THOMPSON, Judge, concurring specially.
I concur with the well-reasoned opinion of the court that Grage's claim is procedurally barred because he filed successive post-trial motions for relief, see Judge v. State, 596 So.2d 73 (Fla. 2d DCA 1991), rev. denied, 613 So.2d 5 (Fla.1992), footnote 1. However, I disagree with dicta in the majority opinion which states:
Manifestly, claim IV is procedurally barred. Even if it were not, however, this was the correction of a technical error that resulted in no net increase in the sentence to the appellant. The sentence received was consistent with Grage's plea agreement. *549 The correction was expressly agreed to by counsel for appellant in appellant's presence and the court and the state acted in reliance on that agreement in changing the sentence in both this case and the companion case.
(Emphasis supplied).
Absent the procedural bar, Grage would be entitled to relief regardless of the actions of his counsel and counsel for the state. Sentencing is within the sole province of judges; judges are the only participants in the criminal justice system that can impose a sentence. Here, the sentence imposed for Grage's violation of probation was a legal sentence which Grage began to serve immediately after imposition. See Fla. R.Crim. P. 3.670. Because he was sentenced to time served, Grage had completed his sentence at the time the state filed its motion to amend. Since the state did not timely appeal the sentence pursuant to Florida Rule of Appellate Procedure 9.140(c), the trial court had no jurisdiction to increase the sentence. See Fla. R.Crim. P. 3.800(a); Sterling v. State, 682 So.2d 694 (Fla. 5th DCA 1996) (trial court may not increase defendant's legal sentence after sentence is pronounced).
Even if the trial court had jurisdiction, resentencing Grage to a greater penalty on the state's motion after he commenced and concluded serving the lawfully imposed sentence would have violated his double jeopardy rights. The fact that his "net sentence" did not increase did not vitiate the fact that the court could not increase Grage's sentence once he had begun to serve it. Troupe v. Rowe, 283 So.2d 857 (Fla.1973); Thomas v. State, 648 So.2d 298 (Fla. 5th DCA 1995); Gonzalez v. State, 596 So.2d 711 (Fla. 3d DCA 1992). But see Goene v. State, 577 So.2d 1306 (Fla.1991) (double jeopardy not violated by imposing harsher corrected sentence after defendant commenced serving original sentence where defendant's misrepresentation as to his identity caused inaccuracies in scoresheet).
I am unwilling to permit a trial court to correct an error or oversight when the correction results in increased penalties in the same case. See Evans v. State, 675 So.2d 1012 (Fla. 4th DCA 1996) (where trial court sentenced defendant as habitual felony offender when sentencing for second probation violation, amending DOC written commitments two days after sentencing to reflect habitual felony offender status violated double jeopardy clause); Thomas v. State, supra (defendant's guarantee against double jeopardy violated where trial court miscalculated credit for time served and entered subsequent order reducing credit by 1,512 days); Macias v. State, 572 So.2d 22 (Fla. 4th DCA 1990) (where trial court sentenced defendant to ten years with three years minimum mandatory, court erred in entering order changing sentence to mandatory minimum ten years nunc pro tunc to original sentencing date, even if original pronouncement was oversight). Here, the trial court pronounced a sentence which Grage served. The court could not go back to increase the sentence and require Grage to serve additional time in prison.
The case of Drumwright v. State, 572 So.2d 1029 (Fla. 5th DCA 1991), is helpful in this analysis. Drumwright was convicted of possession and delivery of cocaine and the trial court pronounced a sentence of 30 years. The judgment reflected an incorrect sentence of 30 months. After Drumwright served the 30 month sentence, he was brought back to court to have his original 30 year sentence reinstated. Drumwright argued this was double jeopardy. This court held that it was not. "It is axiomatic that oral pronouncements control over clerical errors." Id. at 1031. See also Justice v. State, 674 So.2d 123 (Fla.1996) (holding that special conditions of probation not orally pronounced may not be reimposed if the case is reversed and returned to the trial court for resentencing). Here, the oral pronouncement of 464 days with credit for time served was the sentence imposed. That controls over the court's attempt to correct "a technical error that resulted in no net increase in the sentence to the appellant." Accordingly, if not for the procedural bar, I would reverse the denial of Grage's 3.850 motion and remand for his immediate discharge as to Case No. 91-5896.
NOTES
[1] The lower court subsequently amended this sentence to conform to the ten year maximum.