FULMER, Judge.
Melvin A. Poitier appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We reverse.
On September 28, 2000, Poitier pleaded no contest to grand theft and dealing in stolen property. His plea agreement reflected negotiated sentences of sixty months in prison. In the transcript of the plea and sentencing hearing, the court, the prosecutor, and Poitier all referred to five-year sentences. The transcript, however, reflects that the trial court orally pronounced concurrent sixteen-month sentences, and the written sentencing documents and the clerk’s court appearance records reflected the imposition of sixteen-month sentences. But the transcript also reflects that immediately after sentence was announced, the prosecutor stated that Poitier’s failure to turn himself in after the brief furlough granted by the trial court “would subject him to statutory maximum and the five years would be off.” Poitier timely reported and began serving his sentences on October 6, 2000.
On October 10, the prosecutor sent a memo to the clerk’s office stating that Poitier’s sentences were “not accurately recorded on the Judgment & Sentence.” The prosecutor’s memo stated that there was a clerical error and requested that amended sentences be prepared to reflect sixty-month sentences. This memo to the clerk showed that a copy was sent to the chief assistant state attorney, but it did not show that copies were sent to either Poitier, defense counsel, or the trial judge. In his motion, Poitier alleged that the clerk’s office “simply whited-out defendant’s orally pronounced sixteen (16) month sentence and imposed a sixty (60) month sentence in its place.” This allegation is supported by copies of written sentencing documents that appear identical to the originals except that they read “60-MONTHS” where they used to read “16 MONTHS.”
Poitier alleged the foregoing facts in his postconviction motion, asking the trial court to correct his sentences to the sixteen-month sentences that were orally pronounced. Poitier raised a number of arguments: (1) the written sentences should conform to the oral pronouncement; (2) the original sentences were not clerical errors; (3) his due process rights were violated by the clerk’s alteration of his sentencing documents; and (4) his double jeopardy rights were violated by the increased sentences. Poitier asserted that if the State found the court’s sentences in *709 correct, it should have made an objection at sentencing, moved to correct the sentences with proper service of the motion on him, or filed a notice of appeal.
In its court-ordered response, the State asserted that this was a scrivener’s error. The trial court then denied Poitier’s motion, concluding that it was without merit “because the court records reflect that, although the court orally pronounced an incorrect sentence of 16 months, it was corrected by the State Attorney in a timely manner and the Defendant had already signed a plea agreement that reflected his sentence as being 60 months and not 16 months.” In support, the trial court cited Grage v. State, 717 So.2d 547 (Fla. 5th DCA 1998).
We first address the State’s argument that this was a scrivener’s error. In Ashley v. State, 28 Fla. L. Weekly S18, S21 n. 3, — So.2d -,- n. 3, 2003 WL 60564 (Fla. Jan. 9, 2003), the supreme court stated that a scrivener’s error “literally refers to a written error” and is defined as those
clerical or ministerial errors in a criminal case that occur in the written sentence .... The term scrivener’s error refers to a mistake in the written sentence that is at variance with the oral pronouncement of sentence or the record but not those errors that are the result of a judicial determination or error.
28 Fla. L. Weekly at S21 n. 3, — So.2d at - n. 3 (quoting Amendments to Florida Rules of Criminal Procedure S. 111(e) and 3.800 and Florida Rules of Appellate Procedure 9.020(h), 9.140, and 9.600, 761 So.2d 1015, 1023 (Fla.2000)). Florida Rule of Criminal Procedure 3.800(b) provides a mechanism for the State to correct a scrivener’s error. Here, because the facts are in dispute, the trial court must hold an evidentiary hearing to determine whether a sixty-month or a sixteen-month sentence was orally imposed. See Sullivan v. State, 538 So.2d 553, 553 (Fla. 1st DCA 1989) (remanding for trial court to clarify sentence when “written plea agreement, the representations by counsel at the plea and sentencing hearings, and the equivocal oral pronouncement of sentence found in the sentencing transcript are apparently at odds with one another”) (citing Robinson v. State, 407 So.2d 1038 (Fla. 1st DCA 1981)); see also Matson v. State, 445 So.2d 1121 (Fla. 5th DCA 1984).
In Troupe v. Rowe, 283 So.2d 857, 859 (Fla.1973), the supreme court explained that it was unconstitutional to increase a sentence after a criminal defendant began serving the sentence. “Jeopardy had attached ... and the sentence which had been imposed could not thereafter be increased ... in violation of defendant’s constitutional guaranty not to be twice placed in jeopardy.” 283 So.2d at 860. This constitutional dictate was reaffirmed in Ashley, where the supreme court held that “[o]nce a sentence has been imposed and the person begins to serve the sentence, that sentence may not be increased without running afoul of double jeopardy principles. To do so is a clear violation of the Double Jeopardy Clause, which prohibits multiple punishment for the same offense.” 28 Fla. L. Weekly at S19, — So.2d at -(citations omitted).
Grage, 717 So.2d 547, relied on by the trial court in denying relief, is factually distinguishable even if we were to agree with the dicta expressed in the majority opinion. Grage was sentenced to time served in one case and to ten years as a habitual offender in a second case. 717 So.2d at 548. The State filed a motion to correct the sentences when it realized that the trial court had transposed the case numbers. Grage was present and represented by counsel at the hearing, and defense counsel agreed to correction of the trial court’s error. Id. Grage later filed a postconviction motion alleging a double jeopardy violation, but the motion was de *710 nied and the appeal was dismissed for failure to prosecute. Id. Thereafter, Grage attempted to raise this claim in a rule 3.850 motion, and the Fifth District held that the claim was procedurally barred. The majority opinion further opined:
Even if it were not [procedurally barred], however, this was the correction of a technical error that resulted in no net increase in the sentence to the appellant. The sentence was consistent with Grage’s plea agreement. The correction was expressly agreed to by counsel for appellant in appellant’s presence, and the court and the state acted in reliance on that agreement in changing the sentence in both this case and the companion case.
717 So.2d at 548. In a specially concurring opinion, Judge Thompson agreed that the claim was procedurally barred but disagreed with the above dicta, stating that Grage would have been entitled to relief absent the procedural bar because the oral pronouncement controlled.
Here, the state attorney and the clerk unilaterally changed Poitier’s written sentences. This change occurred without any notice to Poitier or his attorney, without their consent, and without any apparent involvement by the trial court. As Judge Thompson noted: “Sentencing is within the sole province of judges; judges are the only participants in the criminal justice system that can impose sentence.” 717 So.2d at 549 (Thompson, J., concurring). Accordingly, we reverse and remand for an evidentiary hearing.
, Reversed and remanded.
WHATLEY and NORTHCUTT, JJ„ Concur.