PER CURIAM.
This is an appeal of a re-sentencing following the Florida Supreme Court’s reversal of appellant’s sentence in Ashley v. State, 850 So.2d 1265 (Fla.2003). We reverse and remand for resentencing.
In July 1999, the trial court orally sentenced appellant to 25 years in prison as a habitual felony offender for possession of a firearm by a convicted felon. The trial *351 court, however, entered a written judgment of sentence as a habitual violent felony offender (HVFO) without a minimum mandatory term. Three days later, the trial court orally resentenced appellant to 25 years as an HVFO with a 10-year minimum mandatory term. The Florida Supreme Court reversed the sentence, stating that the oral pronouncement prevailed over the written judgment. Although the trial court’s failure to state during its oral pronouncement of sentence that it was sentencing appellant as an HVFO may have been a simple mistake, the trial court “resentenced [appellant] to a more onerous sentence after he had begun serving the original sentence.” Id. at 1267.
After remand, the trial court resen-tenced appellant to 25 years in prison as an HVFO without a minimum mandatory term. The trial court read the supreme court’s opinion as stating that appellant’s sentence could not be increased after he had begun serving his sentence, not that appellant could not be sentenced as an HVFO. The trial court further noted that, absent the minimum mandatory term, the designation as an HVFO rather than a habitual offender mattered not. It was the sentence and not the designation that constituted the more onerous sentence.
The supreme court’s decision is the law of the case. The supreme court did not merely direct the trial court to eliminate the minimum mandatory term but to change appellant’s HVFO status as well. This is evident from the Court’s approval of the Fourth District’s decision in Evans v. State, 675 So.2d 1012 (Fla. 4th DCA 1996).
In Evans, the defendant was sentenced to probation for three years pursuant to a plea agreement. The defendant agreed that he qualified as a habitual offender and that if he violated his probation that he would be sentenced as a habitual offender. Subsequently, the defendant violated his probation. The trial court did not orally pronounce that the defendant’s sentence was as a habitual offender. Upon the state’s motion to clarify sentence, the trial court entered an order reflecting a habitual offender sentence. The Fourth District reversed and remanded for the trial court to delete the defendant’s habitual offender status. Although it appeared that the trial court’s failure to state that it was sentencing the defendant as a habitual offender was merely an oversight, the appellate court held that the written sentence must conform to the oral pronouncement.
Therefore, the supreme court directed that the appellant in the present case be sentenced in accordance with the original oral pronouncement: 25 years as a habitual felony offender. Accordingly, we reverse the appellant’s sentence and remand this case for further proceedings in accordance with this opinion.
REVERSED and REMANDED.
ALLEN, PADOVANO and HAWKES, JJ., concur.