970 So.2d 445 (2007)
Mathew J. MIGDAL, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-3210.
District Court of Appeal of Florida, Fourth District.
December 5, 2007.
Rehearing Denied January 4, 2008.
*446 Carey Haughwout, Public Defender, and Anthony Calvello, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Mark J. Hamel, Assistant Attorney General, West Palm Beach, for appellee.
WARNER, J.
In this belated appeal from his conviction and sentence, appellant claims that his sentence violates double jeopardy. The court sentenced the appellant to six concurrent five-year terms for four counts of grand theft and other charges, and one term of fifteen years for grand theft from a person sixty-five years of age or older. After sentencing, the court determined that the grand theft from a person over sixty-five years was a third-degree felony, and thus the fifteen-year sentence was illegal. As one of the grand theft charges for which a five-year sentence was imposed was actually a second-degree felony, the court "corrected" the sentence by imposing a fifteen-year sentence on that charge. In doing so, the court violated the double jeopardy provision of the constitution. We reverse.
Migdal was charged by information with numerous counts in six separate cases and was further charged with violation of probation in another case. One of the charges in the information alleged in its title a charge of grand theft from a person sixty-five years of age or older in an amount in excess of $10,000, which is a second-degree felony. See § 812.0145(2)(b), Fla. Stat. In the body of the information, however, the state alleged that he had taken an amount of $300 or more, an amount which would indicate a third-degree felony. See § 812.0145(2)(c), Fla. Stat. However, rather than citing this subsection, the body of the information cited 812.0145(2)(b).
Migdal entered an open plea of guilty to some of the charges, and the state nolle prossed the remaining charges. Specifically, Migdal pled guilty to violation of probation with an underlying charge of grand theft (case no. 99-12529), two counts of obtaining property in return for a worthless check (case no. 02-12347), three counts of grand theft (case nos. 03-5300, 03-5302, 03-5303), one count of grand theft from a person sixty-five years of age or older (case no. 03-5301), and one count of grand theft over $20,000 (case no. 03-9145). The negotiated settlement listed case no. 03-5301 as a third-degree felony. At the plea hearing, the court explained to Migdal that each of the counts carried a five-year sentence, except for case no. 03-9145, which carried a fifteen-year sentence. The maximum sentence for all charges would be fifty years.
A presentence investigation report was prepared. In it, both case no. 03-9145 for grand theft over $20,000 and case no. 03-5301 for grand theft from a person sixty-five years of age or older, were listed as second-degree felonies, the latter being listed as a violation of section 812.0145(2)(b). At the sentencing hearing, the court expressed greatest concern for *447 the grand theft from a person over sixty-five years. The court characterized Migdal as a "predator" of older people. "He has come into these homes, he has charmed these people who I think probably are more receptive to someone with this kind of personality, and he charmed them and made them vulnerable, they were vulnerable, and took their money and their savings, and that's a bad crime. . . ." The court pronounced a fifteen-year sentence as to case no. 03-5301 and sentences of five years for each of the other charges. The state attorney requested clarification as to case no. 03-9145, the charge of grand theft in excess of $20,000, noting that it was a second-degree felony. The court then stated:
I'll tell you, that isit's not the $20,000.00 that I'm so concerned with, although that is a significant amount of money. It's still to me a Grand Theft and it just has to do with amounts. The one that I am concerned about with most of all, and the one for which I am sentencing him to fifteen years is the Grand Theft of Persons 65 Years or Older, the second degree felony there. So on that 03-9145, the Court will still sentence him only to five years there.
The court ordered all of the sentences to run concurrently. Thus, Migdal would serve fifteen years in prison.
Seven days after the sentence the court issued an Agreed Order Clarifying Sentence, stating:
THIS CAUSE, having come before the Court pursuant to an agreement between the State of Florida, by and through Assistant State Attorney Frank Castor, and Allen Geesey, Attorney for the Defendant, the Court hereby ORDERS AND ADJUDGES that the Defendant's Sentence be clarified as follows:
1. In case number XX-XXXXXXCF A02, the PSI mistakenly stated that the charge of Grand Theft From Person 65 Years of Age or Older is a 2nd degree felony. This charge is actually a 3rd degree felony. The Court hereby sentences the Defendant to 5 years DOC on this charge.
2. In case number XX-XXXXXXCF A02, the Defendant plead [sic] guilty to the charge of Grand Theft Over $20,000, a 2nd degree felony. The victims in this case are Evelyn Rosenfield (age 86), who testified at the sentencing hearing, and Matthew Rosenfield (age 89). The Defendant stole $27,228.00 from the Rosenfields. The Court hereby sentences the Defendant to 15 years DOC on this charge.
3. The sentences in the cases listed above shall run concurrent with each other and concurrent with the sentences on all other active cases being served.
Despite the order being "agreed," Migdal was not consulted as to this change. No appeal was taken at the time from the judgment and sentence.
Eight months later, Migdal, pro se, filed a Motion to Vacate Plea or Set Aside or Correct Sentence pursuant to rule 3.800. Migdal alleged that he was sentenced to five years in prison and that the sentence was later changed in open court to fifteen years without his permission, knowledge, consent, or presence. Migdal requested that the original five-year sentence be reimposed.
A hearing was held before a successor judge due to the retirement of the original judge. The court orally denied the 3.800(a) motion, finding that the predecessor judge merely corrected a technical error. The court further observed that the correction resulted in no net increase in sentence. In accordance with its oral pronouncement, the court issued a written *448 order entitled "Amended Order Denying Defendants Motion to Vacate Plea or Set Aside Sentence." The court stated that the PSI had mistakenly stated that the charge of grand theft from a person sixty-five or older was a second-degree felony. The court also stated that the case numbers were transposed on the PSI and therefore the judge clarified a technical error in the Agreed Order Clarifying Sentence. Migdal appealed this order, which this court treated as an appeal of a motion for post-conviction relief pursuant to rule 3.850 and affirmed without opinion.
Migdal then filed a petition for belated appeal of his original sentence as amended, which this court granted. During the appeal, Migdal filed a motion to correct his sentence pursuant to rule 3.800(b)(2). He asserted that the improper increase of his original five-year sentence in case 03-9145 to a fifteen-year sentence was a violation of double jeopardy. Once the five-year sentence was imposed in open court and Migdal commenced serving the sentence, it could not be increased without violating double jeopardy. The trial court denied the motion, and this issue is included in his appeal.
The issue of the illegality of the sentence was preserved by the filing of a timely 3.800(b) motion to correct sentence error. See Yisrael v. State, 938 So.2d 546, 547 n. 1 (Fla. 4th DCA 2006); Drayton v. State, 791 So.2d 522, 524 (Fla. 4th DCA 2001). As it involves a question of law, we review it de novo. Flowers v. State, 899 So.2d 1257, 1259 (Fla. 4th DCA 2005).
A court's pronouncement of a sentence becomes final when the sentencing hearing ends. Comtois v. State, 891 So.2d 1130, 1131 (Fla. 5th DCA 2005); Troupe v. Rowe, 283 So.2d 857, 858 (Fla. 1973). "Once a sentence has been imposed and the person begins to serve the sentence, that sentence may not be increased without running afoul of double jeopardy principles." Ashley v. State, 850 So.2d 1265, 1267 (Fla.2003). That is not to say, however, that once a sentence is orally pronounced, it is forever etched in stone. "Florida has long recognized a court's in-herent power to correct clerical errors." Drumwright v. State, 572 So.2d 1029, 1031 (Fla. 5th DCA 1991). "A court may at any time correct an illegal sentence imposed by it, or an incorrect calculation made by it in a sentencing scoresheet. . . ." Fla. R.Crim. P. 3.800(a).
Migdal's sentence became final when the sentence was pronounced and the sentencing hearing ended. Comtois, 891 So.2d at 1131; Troupe, 283 So.2d at 858. Because he pled to a third-degree felony for the grand theft from a person age sixty-five years of age or older, the fifteen-year sentence the court imposed exceeded the statutory maximum and was illegal. The five-year sentence for grand theft in excess of $20,000 was a legal sentence, being within the statutory maximum for a second-degree felony. After he commenced serving the sentence, it could not be increased without violating double jeopardy principles. Ashley, 850 So.2d at 1267.
We reject the state's contention that this was a clerical error, which could be corrected without violating double jeopardy. "Generally, the oral pronouncement prevails [over the written sentence] unless the oral pronouncement is in error due to a clerical error such as the calculation of jail credit." Id. at 1268. A scrivener's error refers to "clerical or ministerial errors in a criminal case that occur in the written sentence, judgment, or order of probation or restitution," i.e., "a mistake in the written sentence that is at variance with the oral pronouncement of sentence or the record, but not those errors that are *449 the result of judicial determination or error." Id. at 1268 n. 3.
Here, the written sentence was not at variance with the oral pronouncement. In fact, the court explicitly found that it would not sentence the second-degree felony for the fifteen years. It is true that the court made a mistake. Migdal had pled to a third-degree felony of grand theft from a person over sixty-five, but the PSI listed the charge as a second-degree felony, thus misleading the court. However, the court was not misled as to the second-degree felony of grand theft over $20,000 and could have sentenced Migdal to fifteen years for that felony but specifically elected not to do so.
The state cites to Grage v. State, 717 So.2d 547 (Fla. 5th DCA 1998), for support. Grage, however, involved an appeal of the denial of a motion for postconviction relief. In that case, Grage was sentenced to time served in one case and to ten years as a habitual felony offender in the second case. The state filed a motion to correct the sentences when it realized that the trial court had transposed the case numbers. The trial court conducted a hearing, and Grage's counsel consented to correction of the court's error in Grage's presence. Accordingly, the trial court amended the sentence. Several months later, Grage filed an amended motion for correction of illegal sentence, asserting that the sentence correction violated double jeopardy. The lower court denied the motion, and the appeal was dismissed for failure to prosecute. Subsequently, Grage attempted to raise this claim in a rule 3.850 motion. The Fifth District held that even if the claim was not procedurally barred,
this was the correction of a technical error that resulted in no net increase in the sentence to the appellant. The sentence received was consistent with Grage's plea agreement. The correction was expressly agreed to by counsel for appellant in appellant's presence, and the court and the state acted in reliance on that agreement in changing the sentence in both this case and the companion case.
Id. at 548. Unlike Grage, not only does it appear that Migdal was not present when the court "corrected" the sentence, this is not a mere correction of a technical error. The numbers were not transposed in the PSI. Instead, the PSI listed the wrong charge in case no. 03-5301 and thus the wrong maximum sentence. The court intended to impose a fifteen-year sentence for Migdal's conduct in stealing from elderly people, but it did not intend to impose a fifteen-year sentence in case no. 03-9145 simply based upon the greater amount stolen.
This was undoubtedly a simple mistake on the part of the trial judge, but this does not permit a trial court to increase a sentence and violate double jeopardy principles. In Ashley, where the trial court sentenced the defendant as a habitual felony offender and subsequently brought the defendant back to resentence him as a habitual violent felony offender, the supreme court found that such a correction of a mistake violated double jeopardy. It said:
We recognize that the trial court's failure to state during its oral pronouncement of sentence that it was sentencing Ashley as a habitual violent felony offender may have been a simple mistake. However, based on the prior precedent from this Court, we must approve the Fourth District's opinion in Evans [v. State, 675 So.2d 1012 (Fla. 4th DCA 1996)] and disapprove the First District's decision in Ashley [v. State, 772 So.2d 42 (Fla. 1st DCA 2000)], because the oral pronouncement of sentencing controls. To hold otherwise does serious *450 harm to the double jeopardy principles which have guided our courts for centuries.
850 So.2d at 1268-69. The same may be said of the sentence imposed upon Migdal in this case.
We therefore reverse and remand for resentencing. As Migdal has appealed his original sentencing, on resentencing the court is bound by the principles of North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2089, 23 L.Ed.2d 656 (1969), as we have interpreted it with respect to consecutive or concurrent sentencing. See Norton v. State, 731 So.2d 762 (Fla. 4th DCA 1999).
SHAHOOD, C.J., and STEVENSON, J., concur.