CANADY, C.J.,
dissenting.
Because I conclude that the designation of a defendant as a habitual felony offender (HFO) with respect to a particular offense need not be reestablished in a sentencing upon revocation of probation, I *273 would answer the certified question in the negative. In line with that answer, I would quash the decision of the Second District on review; disapprove the decisions in White v. State, 892 So.2d 541 (Fla. 1st DCA 2005), Barron v. State, 827 So.2d 1063 (Fla. 2d DCA 2002), and Evans v. State, 675 So.2d 1012 (Fla. 4th DCA 1996); and recede from Ashley v. State, 850 So.2d 1265 (Fla.2003), to the extent that it approved Evans.
In his opinion for the Second District in the case on review, Judge Altenbernd made the following observation:
Once the trial court has determined that a defendant qualifies as a habitual felony offender and has announced a split sentence pursuant to that determination, we would think that the defendant’s status as a habitual felony offender subject to an extended sentence remained his status without need of additional determinations or announcements at later proceedings.
Akins v. State, — So.3d-,(Fla. 2d DCA 2009). There is indeed no reason to think otherwise. Judge Alten-bernd went on to discuss the bearing of this fact on the double jeopardy claim raised by Akins:
For purposes of double jeopardy, once this [HFO] status has been formally determined and the trial court has announced that it will rely on this status for purposes of imposing a split sentence, we do not entirely understand why the trial court violates double jeopardy when it relies on that determination and announcement without repeating it at a sentencing or revocation of probation.
Id. at-. The Second District’s lack of understanding is entirely understandable.
Nothing in section 775.084, Florida Statutes (1989) — the statute which sets forth the HFO sentencing scheme — requires or suggests that an HFO designation imposed in connection with a split sentence lapses and must be reestablished or reannounced when the defendant is sentenced upon revocation of probation. On the contrary, once the HFO determination has been made with respect to an offense committed by a defendant — unless that determination is affirmatively set aside — the defendant remains subject to the consequences of the HFO designation throughout all subsequent proceedings with respect to that offense.
Here, the failure of the 2004 sentencing order to reflect that Akins had HFO status was nothing more than a “scrivener’s error” that was subject to correction under rule 3.800(b). From the time that he was subjected to the split sentence in 1991, Akins was on notice that he was being punished as a habitual felony offender. When he violated his probation in 2004, he knew his HFO status and was chargeable with knowledge of the consequences of that status in his sentencing upon revocation of probation. As the majority opinion reflects, in the probation revocation proceeding in 2004, counsel for Akins specifically referred to “his habitualization.” It is undeniable that Akins’ counsel understood that the HFO designation had not lapsed but would be a predicate for the sentence to be imposed upon revocation of probation.
Contrary to the majority’s decision here, the Double Jeopardy Clause does not require that a determination bearing on a defendant’s punishment which has been properly made and announced and has never been set aside must be reestablished or redeclared in a sentencing upon revocation of probation. Given the continuing validity of the original HFO designation, the corrected sentencing order reflecting that designation did nothing to increase the punishment to which Akins was lawfully subject. The recognition in that sentencing order of the HFO determination *274 made in 1991 did not subject Akins to double jeopardy.
This Court’s decision in Ashley is distinguishable on its facts from the case on review. In Ashley, there was a variation between the designation originally declared by the sentencing court (HFO) and the designation reflected in the written sentence (habitual violent felony offender). Here, there is no such variation. Nonetheless, the decision here shows the foresight in the concern of the Ashley dissenters, 850 So.2d at 1271 (Harding, Senior Justice, dissenting), that the majority’s opinion there would “turn sentencing hearings into the game-like atmosphere that the United States Supreme Court condemned in [United States v. DiFrancesco, 449 U.S. 117, 135, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980) ],” where it observed that “the Constitution does not require that sentencing should be a game in which a wrong move by the judge means immunity for the prisoner.”
Akins is entitled to no relief. The decision of the Second District should be quashed, and the order of the postconviction court denying the rule 3.800 motion should be upheld.
POLSTON, J., concurs.