1997 ND 228

**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Troy J. MAGNUSON, Defendant and Appellant.**

Criminal No. 960378.

Supreme Court of North Dakota.

Dec. 2, 1997.

Mark R. Boening, Assistant State's Attorney, Fargo, for plaintiff and appellee.

Leslie Johnson Aldrich, of Johnson Law Office, Fargo, for defendant and appellant.

SANDSTROM, Justice.

[¶ 1] Troy Magnuson appealed from a conviction entered upon a guilty plea to the charge of murder. We hold Magnuson was competent to proceed and assist his defense when he pled guilty and his voluntary guilty plea waived his right to assert the defense of lack of criminal responsibility for the crime. We also hold the trial court did not abuse its discretion in sentencing Magnuson. We affirm.

I

[¶ 2] Magnuson was charged with murder under N.D.C.C. § 12.1–16–01(1)(a) and (b) for the May 1996 death of Alex Vondal. In June 1996, Magnuson filed a notice of intent to assert the defense of lack of criminal responsibility. The trial court ordered Magnuson committed to the North Dakota State Hospital for an evaluation of his fitness to assist his defense and his mental competency when the crime occurred. A July 1996 evaluation by Dennis Kottke of the State Hospital concluded (1) Magnuson was able to understand the proceedings against him and to assist in his defense, and (2) he did not lack substantial capacity to comprehend the harmful nature or consequences of his conduct when the act occurred, and his conduct was not the result of a serious distortion of his ability to recognize reality.

[¶ 3] In September 1996, Magnuson informed the court he wanted to plead guilty to the charge. At a September 27 hearing, Magnuson, against the advice of counsel, pled guilty to murder. The court ordered a presentence investigation.

[¶ 4] At a sentencing hearing on November 27, 1996, the court questioned Magnuson's mental competency and proposed a hearing to address his competency when the crime was committed and his present ability to assist his defense. The State objected to the proposed inquiry about Magnuson's competency when the crime occurred. After further discussion and a brief recess, the court ruled Magnuson's September 27 guilty plea was not voluntary and vacated it. The judge then recused himself.

[¶ 5] A different judge was assigned to the case, and trial was scheduled for December 27, 1996. Magnuson's counsel then informed the court Magnuson wanted to proceed with his guilty plea. At a December 5, 1996 hearing, Magnuson informed the court he wanted to plead guilty to the charge. The court accepted Magnuson's guilty plea to the class AA felony charge of murder. The State recommended sentencing Magnuson to 40 years in prison with 10 years suspended. The court sentenced Magnuson to 50 years in prison.

[¶ 6] On December 11, 1996, a criminal judgment was entered, and Magnuson moved to reduce his sentence under N.D.R.Crim.P. 35. On December 12, 1996, Magnuson appealed the court's "finding that the plea was made voluntary, and that the Defendant was competent at the time of the crime and competent at the time of the plea. The Defendant also appeals the sentence of December 5, 1996, as unduly harsh."

[¶ 7] The trial court had jurisdiction under N.D. Const. Art. VI, § 8, and N.D.C.C. § 27–05–06. Magnuson's appeal is timely under N.D.R.App.P. 4(b), and this Court has jurisdiction under N.D. Const. Art. VI, §§ 2 and 6, and N.D.C.C. § 29–28–06(2) to review an appeal by a defendant from a judgment of conviction. We construe notices of appeal liberally. *See State v. Clark*, 1997 ND 199, ¶ 5, 570 N.W.2d 195; *State v. Himmerick*, 499 N.W.2d 568, 570–71 (N.D.1993); *Kaiser v. State*, 417 N.W.2d 175, 177 (N.D.1987). We treat Magnuson's ap-

peal as an appeal from the judgment, and we therefore have jurisdiction to hear his appeal.[1]

## II

■ [¶ 8] Relying on *City of Bismarck v. Nassif*, 449 N.W.2d 789 (N.D.1989), Magnuson argues the trial court erred in not deciding whether he competently, intelligently, and voluntarily waived the defense of lack of criminal responsibility.

[¶ 9] In *Nassif* at 797, the defendant and his counsel signed a formal withdrawal of the defense of lack of criminal responsibility two days before trial. A jury thereafter found the defendant guilty of disorderly conduct. This Court held the trial court erred in failing to inquire of the defendant to insure he had competently, intelligently, and voluntarily waived the defense of lack of criminal responsibility. *Nassif* at 798. Because the record did not show the defendant had competently, intelligently, and voluntarily waived the defense, this Court reversed the conviction and remanded for further proceedings on the waiver issue. *Nassif* at 798.

■ [¶ 10] Here, Magnuson initially filed a notice of intent to assert the defense of lack of criminal responsibility, but he subsequently pled guilty to murder. A defendant's voluntary guilty plea generally waives constitutional, procedural, and statutory defenses to the charge. *See State v. Olson*, 544 N.W.2d 144, 145–46 (N.D.1996); *State v. Gilley*, 289 N.W.2d 238, 240 (N.D.1980); *State v. Barlow*, 193 N.W.2d 455, 457 (N.D.1971). *See also* N.D.R.Crim.P. 11(a)(2) ("a defendant may enter a conditional plea of guilty reserving in writing the right, on appeal from the judgment, to review of the adverse determination of any specified pretrial motion"); N.D.R.Crim.P. 11(b)(4) ("by pleading guilty the defendant waives the right to a trial by jury").

■ [¶ 11] An incompetent criminal defendant cannot enter a valid guilty plea. *Godinez v. Moran*, 509 U.S. 389, 396, 113 S.Ct. 2680, 2685, 125 L.Ed.2d 321 (1993). In *Godinez*, 509 U.S. at 390, 113 S.Ct. at 2682, the United States Supreme Court held the standard for deciding competency of a criminal defendant to enter a guilty plea is the same competency standard for standing trial. The Court said if a defendant of doubtful competency wants to plead guilty, a trial court must first decide whether the defendant is competent and then must satisfy itself the guilty plea is voluntary. *Godinez*, 509 U.S. at 400, 113 S.Ct. at 2687.

[¶ 12] Although Magnuson postures his argument in terms of a waiver of the defense of lack of criminal responsibility for the crime, his argument is more appropriately framed in terms of his mental competency when he entered the guilty plea. *Nassif* is not controlling because if Magnuson was competent when he pled guilty and he voluntarily pled guilty, he waived his right to raise the defense of lack of criminal responsibility when the act occurred.

## A

[¶ 13] Sections 12.1–04–04 through 12.1–04–08, N.D.C.C., outline our standards and procedures for deciding competency to stand trial. Under N.D.C.C. § 12.1–04–04, "[n]o person who, as a result of mental disease or defect, lacks capacity to understand the proceedings against the person or to assist in the person's own defense shall be tried, convicted, or sentenced for the commission of an offense so long as such incapacity endures." *See State v. Van Natta*, 506 N.W.2d 63, 65 (N.D.1993) (outlining standards for competency). "Whenever there is reason to doubt the defendant's fitness to proceed, the court may order the detention of the defendant for the purpose of an examination by a psychia-

---

**1.** On December 20, 1996, the trial court informed Magnuson's counsel the filing of the notice of appeal deprived it of jurisdiction to consider the motion to reduce his sentence. In April 1997, we entered a limited remand (1) to assure the presentence investigation and accompanying documents were certified and forwarded as part of the record; (2) to allow Magnuson to move to withdraw his guilty plea; and (3) to permit the

trial court to decide Magnuson's N.D.R.Crim.P. 35 request for a reduction in sentence. On remand, Magnuson moved to withdraw his guilty plea under N.D.R.Crim.P. 32. The trial court denied Magnuson's motions to withdraw his guilty plea and to reduce his sentence. On appeal, Magnuson has not raised issues about the court's denial of his motions to withdraw his guilty plea and to reduce his sentence.

trist or a licensed psychologist." N.D.C.C. § 12.1–04–06. "The report of the examining psychiatrist or psychologist must be given in writing to the court, ... [and i]f the findings of the report are contested, the court shall hold a[n evidentiary] hearing prior to deciding whether the defendant currently lacks fitness to proceed or currently lacks ability to effectively communicate with counsel." N.D.C.C. § 12.1–04–07.

[¶ 14] Here, after Magnuson filed a notice of intent to assert the defense of lack of criminal responsibility, the court ordered him committed to the State Hospital for an examination under N.D.C.C. § 12.1–04–06. A July 1996 evaluation by Dennis Kottke, a psychiatrist and medical director at the State Hospital, concluded Magnuson understood the proceedings against him and was fit to assist in his own defense and communicate effectively with counsel. When the court accepted Magnuson's guilty plea at the December 5, 1996 hearing, neither the State nor Magnuson's counsel disputed Magnuson's current competency. The State introduced a December 1996 letter from Kottke which said Magnuson had been returned to the State Hospital in November 1996 for reevaluation. Kottke's letter said Magnuson's current mental condition was no different than outlined in the State Hospital's July evaluation. Magnuson introduced a December 1996 report from Colette Kuznia, a licensed therapist. Kuznia reported she had seen Magnuson in June, July, November and December 1996, and noted a profound improvement in him after he began taking medication. Kuznia reported no serious concerns about Magnuson's present mental competency.

[¶ 15] Although Magnuson's counsel questioned Magnuson's mental competency when the crime occurred, counsel did not dispute Magnuson was competent when he entered the guilty plea. Magnuson did not present any evidence to the trial court which suggested he was not competent when he pled guilty. *Compare Pate v. Robinson,* 383 U.S. 375, 384, 86 S.Ct. 836, 841, 15 L.Ed.2d 815 (1966) (throughout proceedings counsel insisted defendant's competency to stand trial was at issue); *State v. Johnson,* 4 Neb.App. 776, 551 N.W.2d 742, 746 (1996) (medical evaluation

said defendant not competent to stand trial). The opinions of Kottke and Kuznia about Magnuson's present competency and the State Hospital's previous evaluation were not contested, and an evidentiary hearing was not necessary under N.D.C.C. § 12.1–04–07 to decide the issue of Magnuson's competency to plead guilty. *See State v. Storbakken,* 246 N.W.2d 78, 81 (N.D.1976) (based on record before trial court, there was no "reason to doubt" the defendant's competency). We hold Magnuson was competent when he pled guilty.

B

[¶ 16] Magnuson argues the trial court erred in accepting his guilty plea without insuring the plea was voluntary and without providing certain advice required by N.D.R.Crim.P. 11. Before accepting a guilty plea, the court must advise the defendant of certain rights under N.D.R.Crim.P. 11. The advice required by N.D.R.Crim.P. 11 is mandatory and binding on the court. *E.g., State v. Parisien,* 469 N.W.2d 563, 565 (N.D.1991).

[¶ 17] Magnuson contends the court erred in failing to advise him under N.D.R.Crim.P. 11(b)(2) about the "mandatory minimum" incarceration requirements of N.D.C.C. § 12.1–32–09.1. He argues the statute imposes a mandatory minimum sentence because it precludes release from confinement for certain offenses until 85 percent of the sentence has been served.

[¶ 18] Before accepting a defendant's guilty plea, the court must advise a defendant of the mandatory minimum sentence, if any, and the maximum possible sentence provided by the statute defining the offense to which the plea is offered. N.D.R.Crim.P. 11(b)(2); *State v. Schweitzer,* 510 N.W.2d 612, 615 (N.D.1994).

[¶ 19] In *Schweitzer,* the defendant was charged with robbery. The criminal information alleged the defendant threatened the victim with a tear gas pistol during the robbery and listed a mandatory minimum sentence of four years imprisonment under N.D.C.C. § 12.1–32–02.1. The trial court accepted the defendant's guilty plea without informing him of the possibility of the four-year mandatory minimum sentence. The

court then decided the tear gas pistol was a "dangerous weapon" within the meaning of N.D.C.C. § 12.1–32–02.1 and concluded the four-year mandatory minimum sentence applied to the defendant's sentence. We reversed and remanded to allow the defendant to withdraw his guilty plea. *Schweitzer* at 616. We said when a trial court does not advise the defendant under N.D.R.Crim.P. 11(b)(2) of a mandatory minimum sentence, the interests of justice require the defendant be allowed to withdraw his guilty plea. *Schweitzer* at 616.

[¶ 20] In *Houle v. State*, 482 N.W.2d 24, 30 (N.D.1992), this Court held a trial court need not inform a defendant of the parole consequences of a guilty plea. In *Houle*, the defendant pled guilty to a class AA felony charge of murder. The penalty provision for the crime, N.D.C.C. § 12.1–32–01(1), said a person found guilty of a class AA felony shall not be eligible for consideration of parole for thirty years. *Houle* at 29. This Court concluded N.D.C.C. § 12.1–32–01(1) did not establish a mandatory minimum punishment, but, instead, established a period of parole eligibility. *Houle* at 29. This Court held the sentencing court's failure to advise the defendant of a parole eligibility provision was not a violation of N.D.R.Crim.P. 11 and did not affect the voluntariness of the defendant's plea. *Houle* at 31.

[¶ 21] Magnuson was charged with murder, a class AA felony under N.D.C.C. § 12.1–16–01(1)(a) and (b). Magnuson has cited no statutory provisions requiring a mandatory minimum sentence for that crime. *Compare* N.D.C.C. § 12.1–32–02.1 (mandatory four-year prison term for armed offenders at issue in *Schweitzer*). Section 12.1–32–09.1, N.D.C.C.,[2] does not impose a mandatory minimum sentence for defendants convicted of murder; rather, it applies to any person who is convicted of certain crimes, including murder, and who also receives a sentence of imprisonment. If a defendant meets both of those conditions, the defendant is not eligible for release until 85 percent of the sentence imposed by the court has been served. The effect of N.D.C.C. § 12.1–32–09.1 is the same as the parole eligibility consequences at issue in *Houle*. Although the trial court could have informed Magnuson about the requirements of N.D.C.C. § 12.1–32–09.1, we hold the court was not required under N.D.R.Crim.P. 11(b)(2) to advise him about the implications of the statute and the court's failure to advise him about the statute did not affect the voluntariness of his plea. *See Houle* at 30–31.

[¶ 22] This record establishes the court complied with the requirements of N.D.R.Crim.P. 11 for insuring Magnuson's guilty plea was entered voluntarily. We hold Magnuson was competent to enter a guilty plea, and his voluntary plea waived his right to raise the defense of lack of criminal responsibility for the act.

### III

[¶ 23] Magnuson also challenges the sentence imposed by the trial court. Appellate review of a criminal sentence is generally confined to whether the court acted within the sentencing limits prescribed by statute, or substantially relied upon an impermissible factor. *State v. Bell*, 540 N.W.2d 599, 601 (N.D.1995). A court is vested with a wide range of discretion in sentencing. *Bell* at 601.

### A

[¶ 24] Magnuson argues the trial court abused its discretion in not following the State's sentencing recommendation after previously indicating it would treat the recommendation as a plea agreement under N.D.R.Crim.P. 11. He essentially contends the court was bound by the State's sentencing recommendation. The court, however,

---

**2.** When Magnuson was sentenced, N.D.C.C. § 12.1–32–09.1 said:

"Sentencing of violent offenders. Any offender who is convicted of a crime in violation of section 12.1–16–01, 12.1–16–02, 12.1–17–02, 12.1–18–01, subdivision a of subsection 1 or subdivision b of subsection 2 of section 12.1–20–03, section 12.1–22–01, subdivision b of subsection 2 of section 12.1–22–02, or an attempt to commit the offenses, and who receives a sentence of imprisonment is not eligible for release from confinement on any basis until eighty-five percent of the sentence imposed by the court has been served or the sentence is commuted."

informed Magnuson it was not bound by the State's sentencing recommendation, and we reject his argument the court abused its discretion in refusing to adopt that recommendation.

## B

[¶ 25] Magnuson asserts the trial court erred in failing to inquire whether he had received and read the presentence investigation and whether he was satisfied with counsel's representation. Magnuson has cited no authority to require those specific inquiries, and we reject his argument.

## C

[¶ 26] Magnuson argues the court abused its discretion in sentencing him after reviewing the presentence investigation for only one hour. Sentencing is an integral part of the criminal process. *See State v. Phelps*, 297 N.W.2d 769, 775–76 (N.D.1980) (setting aside sentence when counsel not afforded adequate time to review presentence report).

[¶ 27] In sentencing Magnuson, the trial court said:

"... [I]n this case, after reading the presentence investigation, I—I can't in good conscience go along with either the prosecutor or the Defendant's recommendations.

"The Defendant will be placed in the custody of the Department of Corrections for a period of 50 years from and after May 22nd, 1996. What that means is he will be given credit for time—the time served to date.

"... I will say for the record I'm giving a 50–year sentence in this case and not a life sentence because I think it necessary that this Defendant have some small possibility, something to reach for in the future, however small, that at some point he might be released. It's going to be a long time before that is even possible. There will be no—no suspended time. And I think under the circumstances restitution would be frivolous."

The court's decision reflects it read the presentence investigation, and Magnuson's argument about the amount of time the court reviewed the report does not show an abuse of discretion.

## D

[¶ 28] Magnuson asserts the court abused its discretion in sentencing him to 50 years in prison. Under N.D.C.C. § 12.1–32–01(1), the court may impose a maximum sentence of life imprisonment without parole for a class AA felony. Section 12.1–32–04, N.D.C.C., lists factors to be considered by a court in sentencing, but the statute specifies *the court need not explicitly refer to those factors* in sentencing a defendant. Although trial courts should articulate reasons for imposing a specific sentence, Magnuson's sentence is within the range of permissible sentences for a class AA felony, and the court's decision does not reflect the court relied upon any impermissible factors in sentencing him. *See Bell* at 601. We reject Magnuson's arguments about the severity of his sentence, and we hold the court did not abuse its discretion in sentencing him to 50 years in prison.

## IV

[¶ 29] Magnuson contends the court erred in failing to advise him of his right to appeal the sentence. N.D.R.Crim.P. 32(a)(2) says the court is under no duty to inform the defendant of any right to appeal after sentence is imposed following a guilty plea. The court was not required to inform Magnuson of his right to appeal. Moreover, Magnuson perfected an appeal, and he has shown no prejudice by the court's failure to advise him of the right to appeal.

## V

[¶ 30] We affirm Magnuson's conviction.

[¶ 31] VANDE WALLE, C.J., and NEUMANN, MARING and MESCHKE, JJ., concur.