1998 ND 21

**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Mark Edward McCLEAN, Defendant and Appellant.**

**Criminal No. 970186.**

Supreme Court of North Dakota.

Jan. 21, 1998.

Wayne D. Goter (argued), of Goter Law Office, Bismarck, for defendant and appellant.

Brian David Grosinger (argued), Assistant State's Attorney Mandan, for plaintiff and appellee.

MARING, Justice.

[¶ 1]Mark Edward McClean appeals the trial court's sentence following his criminal conviction of sexual assault, a class B misdemeanor, and unlawful imprisonment, a class A misdemeanor. We conclude the trial court did not abuse its discretion in imposing both the maximum periods of imprisonment and probation for misdemeanors. We further conclude the trial court did commit obvious

error in sentencing McClean to two consecutive terms of imprisonment in excess of one year, in violation of section 12.1–32–11(3), N.D.C.C. We reverse the trial court's Criminal Judgment and Commitment and remand.

## I.

[¶ 2]On April 17, 1996, Mark Edward McClean was charged with the criminal offenses of gross sexual imposition, N.D.C.C. § 12.1–20–03, and unlawful imprisonment, N.D.C.C. § 12.1–18–03, a class B felony and a class A misdemeanor respectively. McClean received a jury trial on February 19, 1997. The jury subsequently found McClean not guilty of the gross sexual imposition charge, but guilty of the included offense of sexual assault, a class B misdemeanor, N.D.C.C. § 12.1–20–07. The jury also found McClean guilty of the unlawful imprisonment offense, a class A misdemeanor. A presentence investigation, which included a sexual offender evaluation, was ordered and completed.

[¶ 3]On June 3, 1997, the trial court sentenced McClean to serve maximum consecutive sentences of 30 days, for the class B misdemeanor of sexual assault, and one year, for the class A misdemeanor of unlawful imprisonment. The trial court also sentenced McClean to supervised probation for the maximum period of four years commencing the date of his release from his maximum prison sentences.[1] On appeal, McClean argues the trial court may not place him on probation after he has served a maximum sentence of imprisonment. We disagree.

## II.

[¶ 4]The trial court is allowed the widest range of discretion in criminal sentencing. *State v. Magnuson*, 1997 ND 228, ¶ 23, 571 N.W.2d 642 (citing *State v. Bell*, 540 N.W.2d 599, 601 (N.D.1995)). On appeal, we have no power to review the sentencing court's discretion in fixing a term of impris-

---

1. Under section 12.1–32–06.1(1), N.D.C.C., the normal period of probation for a misdemeanor is two years. However, if the defendant has been found guilty of a misdemeanor sexual offense against a minor in violation of section 12.1–32–07, N.D.C.C., this probation period may be extended by an additional two years if the addition-al probation period is in conjunction with a commitment to a sexual offender treatment or aftercare program. N.D.C.C. § 12.1–32–06.1(3). In this case, the trial court did sentence McClean to commitment to a sex offender treatment program.

onment within the range authorized by statute. *State v. Ennis*, 464 N.W.2d 378, 382 (N.D.1990). "Appellate review of a criminal sentence is generally confined to whether the [trial] court acted within the sentencing limits prescribed by statute, or substantially relied upon an impermissible factor." *Magnuson*, 1997 ND 228, ¶ 23, 571 N.W.2d 642.

[¶ 5]On appeal, McClean only argues the sentencing statutes do not permit the trial court to sentence him to both the maximum period of imprisonment and the maximum period of probation. McClean, however, does not cite any specific statute which provides this limitation on the trial court's broad discretion. We find no such prohibition in our statutes, at least for misdemeanors, against the trial court's sentence.[2] McClean prematurely contends a trial court would be without a remedy to enforce a probation sentence once a defendant has served a maximum term of imprisonment. We are not persuaded by this argument.

[¶ 6]McClean's argument fails to recognize our previous case law and legislative history regarding maximum prison and probation sentences. In *State v. Nace*, 371 N.W.2d 129 (N.D.1985), we concluded, under then existing sentencing statutes, combined sentences of imprisonment and probation could not exceed the maximum term for which a defendant might have been imprisoned. *See also State v. Rohrich*, 450 N.W.2d 774 (N.D.1990); *State v. Jones*, 418 N.W.2d 782 (N.D.1988). The *Nace* decision brought to light inconsistences and conflicts which existed in the sentencing statutes at that time, particularly regarding sentences which included a combination of imprisonment and probation. *See Report of the North Dakota Legislative Council, Fifty-first Legislative Assembly* 136–40 (1989) (Criminal Sentencing Study). Reacting to *Nace*, the 1989 Legislature made substantial changes to the sentencing statutes in order to clarify the trial court's sen-

tencing authority. *See* 1989 N.D. Laws ch. 158 (repealing N.D.C.C. ch. 12–53 and amending N.D.C.C. ch. 12.1–32); *Rohrich*, 450 N.W.2d at 775 n. 1 (citing *Report of the North Dakota Legislative Council, Fifty-first Legislative Assembly* 136–40 (1989)).

[¶ 7]These 1989 amendments included the creation of section 12.1–32–06.1, N.D.C.C.[3] 1989 N.D. Laws ch. 158, § 3. This section provides for the length and termination of probation, including defined maximum periods for probation sentences. N.D.C.C. § 12.1–32–06.1. The Legislature also amended section 12.1–32–02(1), N.D.C.C., which limits sentences of imprisonment to defined maximums. This amendment specifically excepted the newly created section 12.1–32–06.1 from subsection (1) of section 12.1–32–02.1989 N.D. Laws ch. 158, § 2. By these changes in the sentencing statutes, the Legislature gave the trial court the ability to impose a maximum probation sentence separate from and in addition to its ability to impose a maximum imprisonment sentence. The Legislature's intent was to allow probation sentences beyond the maximum term of imprisonment. *See State v. Woehlhoff*, 537 N.W.2d 543, 545 (N.D.1995).

[¶ 8] The Legislature did not restrict a trial court from imposing both a maximum probation sentence and a maximum imprisonment sentence for misdemeanors. Nowhere is a trial court statutorily precluded from sentencing a defendant to probation where the defendant is sentenced to the maximum sentence of imprisonment for misdemeanors. We, therefore, conclude the Legislature did not intend such a limitation on the trial court's discretion in the sentencing statutes.

### III.

[¶ 9]Although neither the State nor McClean raised the issue on appeal, the trial

---

2.  With regard to felonies, however, section 12.1–32–06.1(5), N.D.C.C., provides:

    In felony cases, in consequence of violation of probation conditions, the court may impose an additional period of probation not to exceed five years. The additional period of probation may follow a period of incarceration if the defendant has not served the maximum period

of incarceration available at the time of initial sentencing or deferment.

3.  Section 12.1–32–06.1 was subsequently amended in 1995, to provide for enhanced periods of probation, which included allowing an additional probation period for a defendant convicted of a sexual offense against a minor. *See* 1995 N.D. Laws ch. 135, § 2; 1995 N.D. Laws ch. 137, § 1.

court's sentence of imprisonment for McClean violates section 12.1–32–11(3), N.D.C.C. Rule 52(b), N.D.R.Crim.P., permits "[o]bvious errors or defects affecting substantial rights [to] be noticed although they were not brought to the attention of the court." We exercise our authority to notice obvious error cautiously and only in exceptional circumstances where the defendant has suffered serious injustice. *State v. McDonell,* 550 N.W.2d 62, 64 (N.D.1996); *State v. Wishnatsky,* 491 N.W.2d 733, 735–36 (N.D.1992). The present case is one of those exceptional circumstances.

[¶ 10]Generally, unless there is a statute to the contrary, it is within the trial court's sound discretion to determine whether a sentence should run concurrently with or consecutively to another sentence. *State v. Patten,* 353 N.W.2d 26, 30 (N.D.1984). In this case, there is a statute which limits the trial court's discretion in sentencing a defendant to imprisonment for only misdemeanors. Section 12.1–32–11(3), N.D.C.C., specifically provides:

> When sentenced only for misdemeanors, a defendant may not be consecutively sentenced to more than one year, except that a defendant being sentenced for two or more class A misdemeanors may be subject to an aggregate maximum not exceeding that authorized by section 12.1–32–01 for a class C felony if each class A misdemeanor was committed as part of a different course of conduct or each involved a substantially different criminal objective.

The trial court sentenced McClean on both a class A misdemeanor and a class B misdemeanor. Because McClean was sentenced "only for misdemeanors," and not "for two or more class A misdemeanors" so as to permit an aggregate maximum, the trial court's discretion to consecutively sentence McClean to imprisonment is limited to a maximum of one year by section 12.1–32–11(3).

[¶ 11]The trial court, however, sentenced McClean to serve consecutively the maximum imprisonment sentences of one year for the class A misdemeanor and thirty days for the class B misdemeanor. McClean's consecutive prison sentences of one year and thirty days is in excess of the one year limitation provided by section 12.1–32–11(3). The trial court clearly abused its discretion by exceeding this one year limitation.

[¶ 12]Accordingly, we reverse and remand for the trial court to resentence McClean consistent with this decision and section 12.1–32–11(3), N.D.C.C.

[¶ 13] VANDE WALLE, C.J., and MESCHKE, SANDSTROM and NEUMANN, JJ., concur.

