2002 ND 152

**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Eric Alan FALEIDE, Defendant and Appellant.**

No. 20020074.

Supreme Court of North Dakota.

Sept. 20, 2002.

Richard E. Edinger, Fargo, ND, for defendant and appellant.

Brett M. Shasky, Assistant State's Attorney, Fargo, ND, for plaintiff and appellee.

NEUMANN, Justice.

[¶ 1] Eric Alan Faleide appeals from a judgment and conviction entered on a guilty plea to the charges of carrying a concealed firearm or dangerous weapon and carrying a loaded firearm in a vehicle. He challenges a probation condition. We reverse and remand for resentencing.

[¶ 2] A Fargo police officer stopped Faleide for committing a traffic violation. As the officer approached Faliede's vehicle, the officer observed a rifle in plain view. A subsequent search of the vehicle yielded six guns, including an AK–47 and a Ruger pistol. Faleide pled guilty to carrying a concealed firearm or concealed weapon and carrying a loaded firearm in a vehicle. As part of its sentence recommendation, the State sought forfeiture of the AK–47 and the Ruger pistol. Faleide resisted the forfeiture. The State acknowledged the offenses were not presumptive forfeiture crimes under N.D.C.C. § 62.1–01–02. The trial court ordered forfeiture of the guns as a condition of probation. Faleide appeals the judgment, arguing the trial court abused its discretion in ordering the forfeiture of Faleide's guns as a condition of probation, without the commencement of civil forfeiture proceedings.

[¶ 3] Faleide argues the trial court imposed an illegal sentence by ordering forfeiture of his guns as a condition of probation. Faleide acknowledges a trial court could order forfeiture of his private property in a civil forfeiture proceeding under N.D.C.C. § 29–31.1–04 or possibly as a dangerous weapon used in a crime involving violence or intimidation under N.D.C.C. § 62–1–01–02, but he asserts the

procedure under N.D.C.C. § 29–31.1–04 was not followed and N.D.C.C. § 62.1–01–02 does not apply in this case.

■■■■ [¶ 4] Generally, a trial court is allowed the widest range of discretion in criminal sentencing. *State v. McClean*, 1998 ND 21, ¶ 4, 575 N.W.2d 200. "Our appellate review of a criminal sentence is very limited." *State v. Ennis*, 464 N.W.2d 378, 382 (N.D.1990). Our review of a sentence is generally confined to whether the trial court acted within the statutory sentencing limits. *McClean*, 1998 ND 21, ¶ 4, 575 N.W.2d 200.

[¶ 5] North Dakota's statutes allow for forfeiture of the "proceeds of criminal activity or the instrumentalities of the crime" in a separate civil proceeding. Rick Maixner and Sidney Hertz Fiergola, *Article: Constitutional Issues in North Dakota Asset Forfeiture Law After Austin v. United States, Alexander v. United States, and United States v. Good Real Property*, 70 N.D. L.Rev. 851, 851–52 (1994); N.D.C.C. § 29–31.1–04(1). "Forfeiture proceedings brought under this chapter must be conducted in accordance with the procedures established for the forfeiture of property in sections 19–03.1–36.1 through 19–03.1–36.7." N.D.C.C. § 29–31.1–04(2). Property subject to forfeiture "may be forfeited by order of the district court only after: (1) A written consent to forfeiture executed by the owner of the property and all persons with a legal interest in the property to be forfeited has been filed with the court; or (2) Commencement of forfeiture proceedings." N.D.C.C. § 19–03.1–36.1. If written consent of the owner is not obtained, "forfeiture proceedings must be commenced by the filing of a summons and complaint for forfeiture of the property ...." N.D.C.C. § 19–03.1–36.3. Forfeiture may also be appropriate under N.D.C.C.

§ 62.1–01–02, which states: "Any firearm or dangerous weapon used or possessed while in the commission of a felony or a misdemeanor involving violence or intimidation must be seized and, upon conviction and by motion, forfeited to the jurisdiction . . . ."

[¶ 6]  In this case, the State did not initiate civil forfeiture proceedings under N.D.C.C. § 29–31.1–04, and the record shows the guns were not used in the commission of a crime involving violence or intimidation under N.D.C.C. § 62.1–01–02, therefore, those statutes do not apply. Here, the trial court ordered forfeiture of guns as a condition of probation.  A trial court has broad discretion in ordering conditions to probation under N.D.C.C. § 12.1–32–07. The pertinent sections of that statute are:

2.  The conditions of probation must be such as the court in its discretion deems reasonably necessary to ensure that the defendant will lead a law-abiding life or to assist the defendant to do so.  The court shall provide as an explicit condition of every probation that the defendant not commit another offense during the period for which the probation remains subject to revocation . . . .

3.  The court shall provide as an explicit condition of every probation that the defendant may not possess a firearm, destructive device, or other dangerous weapon while the defendant is on probation . . . .

4.  When imposing a sentence to probation, probation in conjunction with imprisonment, or probation in conjunction with suspended execution or deferred imposition of sentence, the court may impose such conditions as it deems appropriate . . . .

N.D.C.C. § 12.1–32–07(2), (3) and (4).

[¶ 7]  The State asserts the trial court had statutory authority to order forfeiture under N.D.C.C. § 12.1–32–07(2), (3) and (4).  According to the State, because the trial court can forbid possession of a firearm as a condition of probation, it is within the trial court's sentencing authority to order permanent forfeiture of Faleide's guns to ensure he will "lead a law-abiding life or to assist" him in doing so.  *State v. Bender,* 1998 ND 72, ¶¶ 9–10, 576 N.W.2d 210.  We are not persuaded.

■ [¶ 8]  Although a trial court may impose "such conditions as it deems appropriate," under § 12.1–32–07(4), subsection (3) of that section only requires the condition to last "while the defendant is on probation."  Because subsection (3) places a time limit on the condition of probation, an order of permanent forfeiture is outside the sentencing limits of N.D.C.C. § 12.1–32–07. If the State desired forfeiture of Faleide's firearms, it should have proceeded under N.D.C.C. § 29–31.1–04, the civil forfeiture statutes.

[¶ 9]  Because the trial court did not have statutory authority to order forfeiture as a condition of probation, the trial court abused its discretion in ordering forfeiture of Faleide's firearms.  We reverse and remand for resentencing.

[¶ 10] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, CAROL RONNING KAPSNER, and DALE V. SANDSTROM, JJ., concur.