2002 ND 176

**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Milton AUNE, Defendant and Appellant.**

**No. 20020106.**

Supreme Court of North Dakota.

Nov. 5, 2002.

Mary E. Nordsven of Hardy, Maus & Nordsven, P.C., Dickinson, N.D., for defendant and appellant.

James A. Hope, Assistant State's Attorney, Dickinson, N.D., for plaintiff and appellee.

NEUMANN, Justice.

[¶ 1] Milton Aune appeals from the trial court's April 2002 judgment imposing a condition of probation prohibiting him from entering the premises at 137 Seventh Avenue West in Dickinson, North Dakota. We affirm.

[¶ 2] Milton Aune and Eunice Scholkowfsky have known one another for many years. In 1992, the City of Dickinson began a civil action against Aune and Scholkowfsky, seeking a permanent injunction to enjoin them from hauling and storing trash, junk, car parts, automobiles, building materials, and garbage on their properties, including 137 Seventh Avenue West in Dickinson, North Dakota. Scholkowfsky is the owner of the property at 137 Seventh Avenue West. The parties resolved the action by stipulation, and the terms were incorporated into a judgment.

[¶ 3] In July of 2000, the State brought a criminal complaint against Aune and Scholkowfsky for disobeying the 1992 judicial order by hauling or storing trash, junk, rubbish, and other types of garbage on the property at 137 Seventh Avenue West. The matter was tried to a jury, and Aune and Scholkowfsky were found guilty. Aune was sentenced to one year of imprisonment, with all but sixty days suspended on the condition that he comply with the 1992 judicial order. Aune was placed on supervised probation for two years.

[¶ 4] In July of 2001, the State petitioned for revocation of Aune's probation, alleging Aune violated provisions of the 1992 judgment and the 2000 criminal judgment. At a hearing, the trial court found that Aune had failed to comply with the 1992 and 2000 judgments. Aune was ordered to undergo psychiatric diagnostic testing. The testing revealed Aune suffers from obsessive compulsive traits and exhibits them by hoarding junk and trash. After a hearing on the test results, the

trial court sentenced Aune to one year of imprisonment, with one year suspended, and two year's supervised probation, subject to additional conditions. Condition 15 provided Aune "shall be prohibited from entering upon the premises located at 137 Seventh Avenue West, Dickinson, North Dakota." Aune moved to stay execution of that condition. The trial court denied the stay. Aune appeals, requesting that Condition 15 be deleted from his criminal judgment.

[¶ 5] Aune argues Condition 15 is unconstitutional because it precludes him from entering the property at 137 Seventh Avenue West and thereby prevents him from exercising his First Amendment right to associate with Scholkowfsky. While Aune and Scholkowfsky have never married, Aune claims his relationship with Scholkowfsky is a close, intimate one.

[¶ 6] On appeal, our review of a sentence is generally confined to whether the trial court " 'acted within the sentencing limits prescribed by statute, or substantially relied upon an impermissible factor.' " *State v. McClean*, 1998 ND 21, ¶ 4, 575 N.W.2d 200 (quoting *State v. Magnuson*, 1997 ND 228, ¶ 23, 571 N.W.2d 642). "Our appellate review of a criminal sentence is very limited." *State v. Ennis*, 464 N.W.2d 378, 382 (N.D.1990).

[¶ 7] A trial court is given broad discretion to impose conditions when placing a defendant on probation. *State v. Shepherd*, 554 N.W.2d 821, 823 (N.D.1996). The applicable statute provides:

> The conditions of probation must be such as the court in its discretion deems reasonably necessary to ensure that the defendant will lead a law-abiding life or to assist the defendant to do so. The court shall provide as an explicit condition of every probation that the defendant not commit another offense during the period for which the probation remains subject to revocation. . . .

N.D.C.C. § 12.1–32–07(2). The imposition of conditions of probation is "purely a matter of judicial discretion, allowing the trial court to tailor conditions to meet the particular facts and circumstances of each case." *State v. Bender*, 1998 ND 72, ¶ 9, 576 N.W.2d 210. Probation is not the same as freedom. *State v. Perbix*, 331 N.W.2d 14, 18 (N.D.1983). Probationers are neither vested with complete constitutional protections nor completely divested of them. *State v. Smith*, 1999 ND 9, ¶ 16, 589 N.W.2d 546. While probation conditions may be improper if imposed on ordinary citizens, "[p]robationers 'properly are subject to limitations from which ordinary persons are free.' " *State v. Sahr*, 470 N.W.2d 185, 193 (N.D.1991) (quoting *United ed States v. Consuelo–Gonzalez*, 521 F.2d 259, 265 (9th Cir.1975)). A trial court has the responsibility to both regulate a probationer's activities to help in his rehabilitation and guard against continued criminal behavior. *Id.*

[¶ 8] We have previously upheld conditions of probation requiring the probationer to maintain a specified distance from a geographic location. *See Sahr*, 470 N.W.2d at 193–94. In *Sahr*, the defendants were restricted from approaching within one block of an abortion clinic to prevent them from continuing to criminally trespass to stage their protests. *Id.* at 193. We determined the condition at issue was a specific restriction designed to inhibit the defendants from committing another crime while exercising their constitutional rights and the condition was, therefore, clearly reasonable. *Id.* We stated that prohibiting the defendants from approaching the geographic location for the length of the probationary period as a condition of probation was "well-suited to assisting them to lead a law-abiding life during that time." *Id.* We noted the pro-

bationary condition did not prohibit the defendants in *Sahr* from participating in all protest activities. *Id.* at 193–94. We stated they could still attend meetings, distribute leaflets, or demonstrate elsewhere. *Id.* at 194. We concluded that restricting the defendants from approaching the abortion clinic, in comparison to the alternative of incarceration, was reasonable and did not "unduly restrain probationers' liberty." *Id.*

[¶ 9] Here, Condition 15 is specific to the geographic location of Aune's prior criminal conduct and is designed to inhibit him from committing another crime. The condition is reasonably limited in geographic scope because it allows Aune the freedom to associate with Scholkowfsky anywhere but at 137 Seventh Avenue West in Dickinson. The restriction on Aune's right of association is limited in duration because it lasts only as long as his probation.

[¶ 10] We conclude, based on the facts and circumstances of this case, the trial court's imposition of the probation condition prohibiting Aune from this specific geographic location is reasonably related to the goals of probation, protects the rights of law-abiding citizens from the economic, aesthetic, and public health aspects of his hoarding behavior, and only restricts his right to associate with Scholkowfsky on a limited basis. Because Condition 15 is constitutional and the trial court acted within its sentencing authority in including Condition 15 as part of Aune's probation, we affirm the trial court's judgment.

[¶ 11] GERALD W. VANDE WALLE, C.J., DALE V. SANDSTROM, and CAROL RONNING KAPSNER, JJ., concur.

MARING, Justice, concurring in the result.

[¶ 12] Although I believe the State's interest could be achieved through means significantly less restrictive of Aune's freedom of intimate association, I am persuaded to concur in the result because the State's infringement on Aune's freedom of intimate relationship is limited to one location, 137 Avenue West in Dickinson, North Dakota, and will end at the termination of his probation. I, therefore, do not find this condition of probation unduly restrictive of Aune's First Amendment right to intimate association. I do want to note, however, I do not agree with the majority's use of *State v. Sahr*, 470 N.W.2d 185 (N.D.1991). That case involves the freedom of expressive association and the protection of abortion clinic employees and patients from unwanted contacts. Here, the condition of probation is directed at a location, Ms. Scholkowsky's home, the perimeter of which has been the site of Aune's crime of collecting junk and not at protecting Ms. Scholkowsky from unwanted contacts with Aune. The trial court could have drawn the probation condition to permit ingress and egress from her home.

[¶ 13] I concur in the result only.

[¶ 14] MARY MUEHLEN MARING.