2003 ND 171

STATE of North Dakota, Defendant and Appellee

v.

Sadik BECIRAJ, Plaintiff and Appellant.

No. 20030030.

Supreme Court of North Dakota.

Nov. 13, 2003.

Rehearing Denied Dec. 19, 2003.

Mark Anthony Beauchene (submitted on brief), Wold Johnson, P.C., Fargo, for plaintiff and appellant.

Tracy Jo Peters (submitted on brief), Assistant State's Attorney, Fargo, for defendant and appellee.

MARING, Justice.

[¶ 1]  Sadik Beciraj ("Beciraj") appeals a criminal judgment entered upon a jury verdict finding him guilty of conspiracy to commit arson.  We affirm his conviction.

I

[¶ 2]  A fire broke out in Beciraj's Fargo, North Dakota, trailer in January of 2001.  Neither Beciraj nor his wife were home at the time.  Fire investigators de-

termined the origin of the fire was the north wall of the master bedroom. Beciraj was charged, by information, with conspiracy to commit arson. Prior to trial, the State notified Beciraj that it may introduce evidence under N.D.R.Ev. 404(b).

[¶ 3] Before trial, Beciraj moved in limine to prevent the State from introducing evidence of a previous fire in Beciraj's former home. The State argued it would use the evidence to show Beciraj's knowledge that after the former fire he received money from the American Red Cross ("Red Cross") and the community. The trial court denied the motion and directed Beciraj's counsel to make appropriate objections during the trial.

[¶ 4] At trial, a fire investigator testified the trailer contained suspicious evidence, such as nearly empty closets with many empty hangers and pictures missing from picture frames. The fire investigator also testified that Beciraj immediately explained that he had received money after the previous fire and asked where the donations from the Red Cross and the community would be and which bank would have them this time. Beciraj's counsel objected to the testimony citing N.D.R.Ev. 403 and argued the evidence of the former fire was too prejudicial because it also involved a fire. The trial court sustained the objection as to certain testimony and overruled it as to other testimony.

[¶ 5] In closing arguments, the State commented,

> [The Becirajs] also knew that they would get money if the trailer burned down by funds that would be set up from the community or from the Red Cross. They had a previous fire and collected money from those sources from donations from different people to the tune of about $15,000. We're not just talking a small amount of money. It

was a significant amount of money they got before, and they knew that they would get that again.

Beciraj's counsel did not object to these comments during closing arguments. A jury found Beciraj guilty, and the trial court sentenced Beciraj to three years imprisonment, with two years and 305 days suspended for a period of three years supervised probation.

[¶ 6] Beciraj appeals the criminal judgment entered upon a jury verdict finding him guilty of conspiracy to commit arson. On appeal, Beciraj's only argument is that the State's comments in closing argument were obvious error.

## II

[¶ 7] In this case, defense counsel did not preserve the issue for appeal by objecting to the State's comments, moving for a mistrial, or seeking a curative instruction from the trial court. Therefore, Beciraj must prove an obvious error under Rule 52(b) which states, "[o]bvious errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." N.D.R.Crim.P. 52(b). We exercise our authority to notice obvious error cautiously and only in exceptional circumstances where the defendant has suffered serious injustice. *State v. McClean*, 1998 ND 21, ¶ 9, 575 N.W.2d 200.

[¶ 8] We have adopted the framework the United States Supreme Court identified in *United States v. Olano*, 507 U.S. 725, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993) to analyze "plain error" under F.R.Crim.P. 52(b). *See State v. Olander*, 1998 ND 50, ¶ 14, 575 N.W.2d 658 (stating that while N.D.R.Crim.P. 52 differs from the federal rule by using the word "obvious" instead of "plain," we will use the *Olano* analysis because it is largely consis-

tent with our cautious application of N.D.R.Crim.P. 52(b)); *see also* N.D.R.Crim.P. 52, Explanatory Note (noting the use of obvious instead of plain). Under *Olano*, before an appellate court may notice a claimed error that was not brought to the attention of a trial court, the appellant must prove "(1) an error, (2) that is plain, and (3) affects substantial rights." *Olander*, at ¶ 14.

### III

[¶ 9] An obvious error is defined as a clear deviation from an applicable legal rule. *Olander*, 1998 ND 50, ¶ 14, 575 N.W.2d 658. On appeal, Beciraj argues the State made improper comments in its closing argument. Generally, this Court does not reverse a criminal conviction on the basis of inappropriate prosecutorial comments in closing argument unless the trial court clearly abused its discretion. *State v. Thiel*, 411 N.W.2d 66, 71 (N.D.1987).

[¶ 10] We conclude the trial court did not commit obvious error when it did not exclude the State's comments in closing argument regarding the prior fire. The State commented only on facts which the trial court had already admitted into evidence. The following exchange occurred during the testimony at trial:

A. At the outset of the interview before Inspector Crane or I asked any questions, Mr. Beciraj immediately inquired, "Where will the money be at?" And he followed up with, "Which bank will the money be in?" I was confused. Inspector Crane and I weren't acquainted with what he was asking, and he proceeded to explain that following a previous house fire he had had, that the Red Cross and citizens in Fargo had donated moneys—

MR. EDINGER: Objection. Pretrial motion.

THE COURT: Overruled.

THE WITNESS:—and we determined that that was the basis of his inquiry was to—he was wondering where the funds would be donated in this instance. We did explain to him that we had no involvement in that particular aspect of his—his loss, and that we weren't able to enlighten him on which bank the donated funds would exist.

Q. (Ms. Peters continuing) And did he tell you when this previous fire had taken place?

A. Yes, ma'am.

MR. MERTZ: Objection to relevance.

THE COURT: Sustained.

Q. (Ms. Peters continuing) Was there any indication that the previous fire was suspicious?

MR. MERTZ: Objection.

MR. EDINGER: Objection. Pretrial motion.

THE COURT: Sustained.

Beciraj did not appeal the evidentiary rulings on the testimony on which the State based its closing argument comments. During closing argument, the party may refer to any evidence admitted at trial. The trial court did not commit obvious error because the State's comments were based on admitted testimony and they did not encompass any facts not admitted into evidence.

### IV

[¶ 11] Although Beciraj does not frame his issue to include a claim of erroneous evidentiary rulings concerning the testimony of the previous fire, he argues the testimony is inadmissible because its prejudicial effect substantially outweighs its probative value under N.D.R.Ev. 403. We conclude the trial court properly admitted the testimony regarding the previous fire.

[¶ 12] The State argues the purpose of the fire investigator's testimony is to show knowledge or motive under Rule 404(b). Rule 404(b), N.D.R.Ev., which prohibits the use of character evidence except for certain purposes, provides:

> (b) Other Crimes, Wrongs, or Acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. However, it may be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

Under Rule 404(b), after reasonable notice to the defense, the prosecution may use evidence of other crimes, wrongs, or acts to show motive, intent, preparation, plan, or knowledge. N.D.R.Ev. 404(b). The prosecution may not use the evidence to prove the character of a person in order to show conformity therewith. *Id.* Rule 404(b) "does not authorize automatic admission merely because the proponent advances a proper purpose for the evidence; instead, the relevance and probative value of the evidence must be demonstrated." *State v. Osier,* 1997 ND 170, ¶ 4, 569 N.W.2d 441. Evidence offered under Rule 404(b) is subject to the test of Rule 403, which excludes relevant evidence if its probative value is substantially outweighed by its unfair prejudicial effect. N.D.R.Ev. 404(b); *see also State v. Christensen,* 1997 ND 57, ¶ 7, 561 N.W.2d 631 (stating that following the Rule 404(b) analysis, the trial court must finally determine if, under Rule 403, the probative value of the evidence is outweighed by the prejudicial effect).

[¶ 13] Under Rule 404(b), evidence of knowledge or motive is admissible. N.D.R.Ev. 404(b). During the motion in limine and trial, the State specifically stated the testimony was offered to prove motive or knowledge and not to show Beciraj's propensity to set fires. The State, in its closing argument, stated Beciraj knew he would receive money from the Red Cross or the community again for the loss of his property. The State's closing argument referred to evidence that had been properly admitted under Rule 404(b) to show knowledge or motive for conspiracy to commit arson, and therefore, the trial court did not err in not excluding those comments.

[¶ 14] Evidence that Beciraj discussed with the fire investigator receiving money from the Red Cross and the community when the previous fire destroyed his home and personal belongings establishes Beciraj's knowledge that he will again receive money if another fire destroys his property. Such knowledge is highly probative of a financial motive to conspire to commit arson. The trial court sustained Beciraj's objection to evidence tending to show the prior fire may have been suspicious, thereby demonstrating its balancing of the probative value of the evidence versus its prejudicial effect, as required under N.D.R.Ev. 403.

[¶ 15] We conclude the trial court did not abuse its discretion when it admitted the testimony regarding the previous fire and did not commit obvious error by allowing the State to refer to that testimony in its closing argument.

## V

[¶ 16] We affirm Beciraj's judgment upon the jury verdict finding him guilty of conspiracy to commit arson.

[¶ 17] GERALD W. VANDE WALLE, C.J., WILLIAM A. NEUMANN, DALE V. SANDSTROM and CAROL RONNING KAPSNER, JJ., concur.